### In re M. Ibrahim KHAN, P.S.C.

### M. Ibrahim Khan, Debtor.

### Bankruptcy No. 48300410, 48300411.

United States Bankruptcy Court,
W.D. Kentucky.

Jan. 10, 1984.

Mr. William F. Polk, Jr., Walker & Polk, Henderson, Ky., for debtor.

Michael A. Fiorella, Owensboro, Ky., Rudy C. Bryant, Henderson, Ky., for creditor Dolly Yusufji.

Sandra D. Freeburger, Sebree, Ky., for First Nat. Bank of Henderson.

E. Lambert Farmer, Jr., Henderson, Ky., for Ohio Valley Nat. Bank.

Russ Wilkey, Owensboro, Ky., trustee.

## MEMORANDUM OPINION

MERRITT S. DIETZ, Jr., Bankruptcy Judge.

On December 5, 1983, this Court, acting on its own under U.S.C. §§ 305 and 707, ordered M. Ibrahim Khan to show cause why his two Chapter 7 petitions should not be dismissed. The Court acted unilaterally to protect its jurisdictional integrity when approached by the same party whose Chapter 11 proceeding had been dismissed on November 10 on the grounds of abuse of process and bad faith, in an order from which no appeal was taken. We specifically incorporate herein our findings of fact and conclusions of law in that order of dismissal.

Our *sua sponte* motion was heard on December 27, at which time we heard testimony from two parties, the debtor's father-in-law and his office manager. These witnesses noted the post-dismissal difficulties that ensued when Khan's major unsecured creditor, Dolly Yusufji, began to execute on a $1.2 million state court judgment for breach of contract. They stated that Khan would not have enough money to live on, or maintain his medical practice after the sheriff's executions. His employee stated that the Chapter 7 was filed to prevent the office closing because others would be hurt: three full-time and one part-time employee would be deprived of wages, and patients would be deprived of medical care.

Counsel for the debtor also advanced a novel argument in support of the present petition: that the good faith requirement we had found lacking in the Chapter 11 case was *not applicable* in a Chapter 7 filing, or at the least that some other, lesser, good-faith standard applied. We cannot accept this hypothesis. It is at odds with a long line of Supreme Court pronouncements[1] regarding the scope and purpose of bankruptcy relief, and would make a mockery of the Code.

We began this hearing by informing counsel for the debtor that our jurisdictional standard was clear and simple: bankruptcy relief is available to the poor but honest debtor who has tried his best to pay his creditors, and failed. This was all we asked of Khan as he defended his latest filings.

■ We readily acknowledge that Chapter 7 of the Code does not in express words require "good faith." However, good faith is an implicit jurisdictional requirement. As the Supreme Court said in *Brown v. Felsen:*

"By seeking discharge, however, the respondent placed the rectitude of his prior dealings squarely in issue, for, as the Court has noted, the Act limits that opportunity to the 'honest but unfortunate debtor'."[2]

■ At the conclusion of the debtor's proof we indicated to counsel that we would dismiss this proceeding, on the basis of the prior finding of bad faith. We concluded that although employees may lose jobs, and patients may have to rely on other physicians, we had not been shown that this petition was anything other than another part of an ongoing scheme "whereby the form of a judicial remedy ... supplies a protective cover for a fraudulent design."[3] To return to our earlier standard, no proof was presented that Khan was a poor, unfortunate honest debtor in need of a fresh start; he remains the same man who is simply determined not to pay his principal creditor, Dolly Yusufji, and has found yet another delaying device.

■ Counsel for Khan proceeds from the misconception that a Chapter 7 bankruptcy is a matter of *right.* It is not. Bankruptcy is a qualified statutory privilege, subject to the implicit requirement of good faith in its filing. For this Court to permit a debtor presently capable of earning more than $200,000 a year to further abuse the legal process to evade paying the first dollar on a

1. *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979); *Bruning v. United States,* 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed.2d 772 (1964); *Local Loan Co. v. Hunt,* 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230 (1933); *Shapiro v. Wilgus,* 287 U.S. 348, 53 S.Ct. 142, 77 L.Ed. 355 (1932); *Stellwagen v. Clum,* 245 U.S. 605, 38 S.Ct. 215, 62 L.Ed. 507 (1918); *Williams v. United States Fidelity & Guaranty Co.,* 236 U.S. 549, 35 S.Ct. 289, 59 L.Ed. 713 (1914); *Wetmore v. Markoe,* 196 U.S. 68, 25 S.Ct. 172, 49 L.Ed. 390 (1904).

2. *Brown,* supra, 99 S.Ct. at p. 2208. For lower federal courts which have also considered debt-ors prior conduct see *Memphis Bank & Trust Co. v. Whitman,* 692 F.2d 427 (6th Cir.1982); *Porterfield v. Gerstel,* 222 F.2d 137 (5th Cir. 1955); *In re Ettinger,* 76 F.2d 741 (2d Cir.1935); *In re Shiu Hung Leung,* 8 B.R. 242 (Bkrtcy.E.D. Va.1981); *In re Underwood,* 7 B.R. 936 (Bkrtcy. S.D.W.Va.1981); *In re Fast Food Properties,* 5 B.R. 539 (Bkrtcy.C.D.Calif.1980); *Matter of Lang,* 5 B.R. 371 (Bkrtcy.S.D.N.Y.1980); *In re Northwest Recreational Activities,* 4 B.R. 33 (Bkrtcy.N.D.Ga.1980).

3. *Shapiro,* supra, 53 S.Ct. at p. 144.

legitimate claim would be, we may say without exaggeration, a moral outrage.

Our order of dismissal was not entered on December 27, but as we advised counsel, was stayed for ten days, so that the debtor could have the last clear chance of an accommodation with his creditors. An Affidavit, from counsel for Dolly Yusufji, filed on January 6, 1984, informs us that Khan still is simply unwilling to honor his contractual agreement, or to satisfy the state court judgment flowing from breach of that contract, until made to do so by the force of the law. We will no longer provide him safe harbor; this petition shall be dismissed with prejudice by a final order to accompany this memorandum.

No motion to amend, modify or stay this order will be entertained. Counsel for the debtor are advised that no further pleadings will be considered in this matter other than those absolutely essential to an appeal from this order.