**In re Herman J. BINGHAM, i/t/a Bingham Automotive Service, Debtor.**

**Bankruptcy No. 5–84–00485.**

United States Bankruptcy Court, M.D. Pennsylvania.

Jan. 15, 1987.

---

934

Peter J. Hoegen, Jr., Hoegen & Marsh, Wilkes-Barre, Pa., for Herman Bingham.

Thomas I. Vanaskie, Scranton, Pa., and James T. Smith, Philadelphia, Pa., for Shipula.

---

1. This opinion constitutes findings of fact and conclusions of law pursuant to Bankruptcy Rule

## OPINION AND ORDER

THOMAS C. GIBBONS, Bankruptcy Judge:

The movant commenced this action seeking a dismissal of respondents' Chapter 7 petition. For the reasons provided herein, we deny movants' requested relief.

## FINDINGS OF FACT

An evidentiary hearing was held from which we make the following findings of fact.[1]

1. On October 5, 1984, the debtor/respondent, Herman J. Bingham, filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

2. On October 5, 1984, respondent also filed a Statement of Affairs which lists movants as unsecured creditors without priority for an unliquidated and disputed claim.

3. Movants' claim arose from an automobile accident which occurred on November 7, 1981.

4. On November 7, 1981, the movant (Thelma Shipula) and her friend, Frances Byrk, while stopped in movants' vehicle at a traffic light in Kingston, Pennsylvania, were struck in the rear by an automobile driven by respondent.

5. As a result of the accident, Frances Byrk, died and Thelma Shipula, received severe neck and back injuries.

6. At the time of the accident, respondent was intoxicated. Respondent was ultimately charged and plead guilty to homicide by motor vehicle and to driving while under the influence of alcohol.

7. In November 1983, movants commenced suit in the Court of Common Pleas of Luzerne County for damages arising from the aforementioned accident.

8. The claim mentioned in Averment of Fact No. 7, if successful, will result in a judgment incurred as a result of respon-

7052.

dent's operation of a motor vehicle while legally intoxicated.

## DISCUSSION

In addressing this proceeding, we are asked to dismiss the debtor's Chapter 7 petition on the basis that it was not filed in good faith. Also, both parties mention § 523(a)(9) of the Bankruptcy Code, which provides:

§ 523(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(9) to any entity, to the extent that such debt arises from a judgment or consent decree entered in a court of record against the debtor wherein liability was incurred by such debtor as a result of the debtor's operation of a motor vehicle while legally intoxicated under the laws or regulations of any jurisdiction within the United States or its territories wherein such motor vehicle was operated and within which such liability was incurred;

The date of filing of the debtor's Chapter 7 petition is dispositive of the applicability of § 523(a)(9) of the Bankruptcy Code. *Cassidy v. Minihan* (In re Minihan), 52 B.R. 947 (D.C.Mo.1985). Section 523(a)(9) became effective on October 8, 1984. Also, the debtor's petition was filed on October 5, 1984. As argued by respondent, if Congress had intended that § 523(a)(9) be effective sooner it could have made it effective sooner. Thus, § 523(a)(9) of the Bankruptcy Code is not applicable to this proceeding.

■ The question before the Court in this proceeding is, whether respondent's conduct in filing the instant Chapter 7 petition evidences a lack of good faith sufficient to warrant dismissal of the debtor's petition.[2] The Bankruptcy Code is silent with regard to the burden of proof in dismissal motions. *Setzer v. Hot Productions, Inc.* (In re Setzer), 47 B.R. 340 (Bankr.E.D.N.Y.1985). Nevertheless, the courts have consistently held that once the

debtor's good faith has been put into question, the debtor bears the burden of proving that the filing was made in good faith. *Id.; In re Holi-Penn, Inc.,* 535 F.2d 841, 844 (3rd Cir.1976); *Furness v. Lilienfield,* 35 B.R. 1006, 1011 (D.Md.1983).

■ "Good faith is not defined by the Bankruptcy Code, but has been repeatedly held to require a showing of an honest intention." *Setzer, supra,* at 344. The facts required to mandate dismissal based upon a lack of good faith are as varied as the number of cases. *In re Zahniser,* 58 B.R. 530 (Bankr.D.Col.1986). Although no one factor predominates in the factual determination of a bad faith case, the elements often found in such cases include the following:

(a) frivolous purpose, absent any economic reality;

(b) lack of an honest and genuine desire to use the statutory process to effect a plan of reorganization;

(c) use of a bankruptcy as a device to further some sinister or unworthy purpose;

(d) abuse of the judicial process to delay creditors or escape the day of reckoning in another court;

(e) lack of real debt, creditors, assets in an ongoing business;

(f) lack of reasonable probability of successful reorganization.

*Furness v. Lililenfield,* 35 B.R. 1006, 1011 (D.Md.1983). Thus, the applicability of good faith to various factual situations requires inquiries into any abuses of the provisions, purpose, or spirit of the bankruptcy law and into whether the debtor honestly requires the liberal protection of the Bankruptcy Code. *Setzer v. Hot Productions, Inc., supra,* at 340.

■ Movant argues that the debtor's bankruptcy proceeding is a ruse, designed with a single purpose of avoiding any liability which might arise from the Shipula/Byrk lawsuits. In support thereof,

---

**2.** Good faith is an implicit jurisdictional requirement of a Chapter 7 case. *In re Kahn,* 35 B.R. 718 (Bankr.W.D.Ky.1984).

movant notes that respondent's business profit in 1984 was at an all time high Forty-Nine Thousand Seven Hundred Twenty-Nine ($49,729.00) Dollars. Also, movant contends that respondent deliberately took steps to reduce the assets of his bankruptcy estate by relinquishing substantial assets during his divorce proceedings and by closing his business. Furthermore, movant argues that respondent's filing of his bankruptcy on the eve of a change in the bankruptcy laws evidenced respondent's bad faith attempt to avoid its alleged civil liability. We disagree with movant's allegation of bad faith.

In this instance, we find that respondent filed his Chapter 7 petition in good faith and is entitled to a fresh start as contemplated by the Bankruptcy Code.[3] As indicated by the respondent's summary of debts and property, the debtor had approximately Fifty-Three Thousand Five Hundred ($53,500.00) Dollars in debts and approximately Forty-One Thousand ($41,000.00) Dollars in property assets as of the date that he filed bankruptcy. Also, the debtor was in arrearages for payments to Aamco Transmissions, Inc. and had a negative equity in his business as of the date that he filed his Chapter 7 petition. Movant's argument that respondent deliberately took steps to reduce the assets in the bankruptcy estate is without merit. Respondent's property settlement with his wife in which he refused to take the property to which he was entitled was apparently motivated by his desire to care for his children. Also, the respondent's alimony and support payments were not unreasonable and were not established in order to reduce the bankruptcy estate.[4]. Finally, respondent's decision to close his business was apparently motivated by his business' structural disrepair not by a desire to reduce the assets of the bankruptcy estate.[5] Furthermore, the debtor is allegedly responsible for a large

unliquidated claim which together with the above mentioned circumstances entitles the respondent to file a Chapter 7 petition.

The date of filing of the Chapter 7 petition does not affect our finding of good faith. The fact that the debtor filed his petition on the eve of a change in the bankruptcy law evidences a thorough knowledge of his rights, not that the debtor filed his petition in bad faith. Thus, the debtor's decision to take advantage of the bankruptcy laws does not convince this Court that his petition was filed in bad faith. In arriving at this conclusion, the Court has considered all the evidence and arguments of both parties, whether or not specifically referred to in this opinion.

## CONCLUSIONS OF LAW

1. Section 523(a)(9) is not applicable to this proceeding because it did not become effective until after respondent's bankruptcy petition was filed.

2. Respondent's Chapter 7 bankruptcy petition was filed in good faith.

---

**3.** One prevailing purpose of the Bankruptcy Code is to provide a fresh start for the debtor. *In re Grosso*, 51 B.R. 266 (Bankr.N.M.1984).

**4.** The debtor paid his wife as alimony and child support (two children) an average amount of Eight Hundred Sixty-Six ($866.00) Dollars per month. Also, the debtor's income in the year

prior to filing his bankruptcy petition was approximately Thirty-Five Thousand ($35,000.00) Dollars.

**5.** The testimony revealed that there were holes in the building roof which made heating very costly.