**In re Scott Greig KEEBLER, Debtor.**

**Bankruptcy No. 88–00077.**

United States Bankruptcy Court,
D. Hawaii.

Nov. 2, 1989.

Ted N. Pettit, Honolulu, Hawaii, for debtor movant.

Carol K. Muranaka, Honolulu, Hawaii, for I.R.S. respondent.

Curtis Ching, Honolulu, Hawaii, U.S. Trustee.

## MEMORANDUM DECISION AND ORDER RE: MOTION FOR RECONSIDERATION

JON J. CHINEN, Bankruptcy Judge.

On August 8, 1989, the Debtor herein filed a Motion for Reconsideration of Memorandum Decision and Order Re: Order to Show Cause ("Motion for Reconsideration") requesting this court to vacate or alter this court's order dismissing the above-captioned case. This Court, being advised in the premises, now renders this memorandum decision and order.

A brief summary of the pertinent filings in this matter will be helpful.

| | |
|---|---|
| February 9, 1988 | Voluntary Petition under Chapter 7 |
| September 15, 1988 | Amended Schedule of Current Income and Expenditures |
| May 19, 1989 | Order to Show Cause |
| June 23, 1989 | Memorandum in Opposition to Order to Show Cause for Dismissal |
| June 28, 1989 | Order to Show Cause hearing held; copies of bills/receipts for tools and medical expenses (with copy to OUST) to be filed by 07/14/89 ruling will then be rendered; debtor directed to file 1988 federal tax return by 08/15/89 Amended Schedule A–1; Second Amended Schedule of Current Income and Current Expenses |
| July 13, 1989 | Receipts in Support of Expenses |
| July 25, 1989 | Memorandum Decision and Order Re: Order to Show Cause |
| July 26, 1989 | Notice of Entry of Order Dismissing Case and Vacating all Automatic Stays and Injunctions |
| August 8, 1989 | Motion for Reconsideration of Memorandum Decision and Order Re: Order to Show Cause; Memorandum in Support of Motion for Reconsideration of Memorandum Decision and Order Re: Order to Show Cause; Certificate of Service |
| August 18, 1989 | Opposition to Motion for Reconsideration of Memorandum Decision and Order Re: Order to Show Cause and Certificate of Service |
| August 22, 1989 | United States' Opposition to motion for Reconsideration of Dismissal Order; Certificate of Service |
| September 12, 1989 | Debtor's Reply to Opposition to Motion for Reconsideration of Memorandum Decision and Order Re: Order to Show Cause; Certificate of Service Debtor's Amended Reply to Opposition to Motion for Reconsideration of Memorandum Decision and Order Re: Order to Show Cause; Certificate of Service |

Debtor essentially argues that this Court erred when it examined the post-petition income and expenses of the Debtor. At the time that this petition was filed, Debtor was unemployed. Debtor argues that this Court "must focus on the circumstances existing at the time the petition was filed on February 9, 1989." (Debtor's Amended Reply to Opposition to Motion for Reconsideration filed September 12, 1989 at page 2).

By Debtor's analysis, a debtor may quit work one day, file a petition the next day, and resume work thereafter and yet be totally immune from judicial scrutiny. The Court finds no merit in this argument. As noted in *Local Loan v. Hunt*, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230 (1934):

> One of the primary purposes of the bankruptcy act is to *"relieve the honest debtor from the weight of oppressive indebtedness, and permit him to start afresh free from the obligations and responsibilities consequent upon business misfortunes."* This purpose of the act has been again and again emphasized by the courts as being a public as well as private interest, in that it gives to the honest but unfortunate debtor who surrenders for distribution the property which he owns at the time of bankruptcy, a new opportunity in life and a clear field for future effort. (Emphasis added.)

Debtor acknowledged that he voluntarily quit his job because the Internal Revenue Service ("IRS") had levied on his wages. It is clear that Debtor is capable of earning

a substantial amount of income. The fact that he resumed work shortly after this petition was filed bears this out. As the courts have often repeated, the bankruptcy law is to provide relief "to the poor but honest debtor who has tried his best to pay his creditors but failed." *See In re White*, 63 B.R. 742, 744 (Bankr.N.D.Ill.1986), *In re Khan*, 35 B.R. 718, 719 (Bankr.W.D.Ky. 1984).

Debtor's response to the IRS's levy was to quit work, rather than to attempt to work out a repayment plan. Thus, the Debtor had no income at the time this petition was filed was not the result of a business misfortune or other unforseen calamity, but a calculated effort to avoid paying his creditors. Congress never intended that bankruptcy be a refuge for the unscrupulous and cunning individual. *See e.g. In re Brown*, 88 B.R. 280, 284 (Bankr. Hawaii 1988).

As noted by this Court in *In re Brown*, 88 B.R. 280, 283–284, (Bankr.Hawaii),

> Good faith is an implicit jurisdictional requirement. *See e.g. In re Khan*, 35 B.R. 718 (Bankr.W.D.Ky.1984); *In re Bingham*, 68 B.R. 933 (Bankr.M.D.Pa. 1987)....

And, as stated in *In re Setzer*, 47 B.R. 340 (Bawler E.D.N.Y.1985),

> Good faith is not defined by the Bankruptcy Code, but has been repeatedly held to require a showing of an honest intention. *See Johnson v. Vanguard Holding Corp.*, 708 F.2d 865, 868 (2d Cir.1983) *(In re Johnson )*. Its broad application to various factual situations requires inquiries into any abuses of the provisions, purpose or spirit of the bankruptcy law and into whether the debtor honestly requires the liberal protection of the Code. *See In re Vlahakis*, 11 B.R. 751, 753 (Bankr.M.D.Ga. 1981). Courts have held many factors to be material to the broad principle of good faith, and have recognized that the determination can only be made on an ad hoc basis. *See, e.g. In re Chase*, 28 B.R. 814, 817–18, 10 B.C.D. 488, 490–91 (Bankr.D.Md.1983).

Good faith or the lack thereof must be determined on a case by case basis. *In re Bingham*, 68 B.R. 933, 935 (Bankr.M. D.Pa.1987); *In re Zahniser*, 58 B.R. 530 (Bankr.D.Col.1986).

In this case, the facts do not show that Debtor is a poor, unfortunate debtor in need of a "fresh start". The facts do not show that Debtor has tried his best, but failed, to pay his debts.... To the contrary, the facts show that Debtor has made every effort to avoid paying....

11 U.S.C. § 707(a)

(a) The court may dismiss a case under this chapter only after notice and a hearing and only for cause....

■ Debtor argues that this Court lacks the *sua sponte* ability to dismiss a case. Debtor ignores, however, 11 U.S.C. § 105(a) which provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

Thus, it is clear that this Court can dismiss this case on its own motion. *See e.g. In re Wester*, 84 B.R. 770 (Bankr.N.D.Fla. 1988); *In re Pretzer*, 96 B.R. 790 (Bankr.N. D.Ohio 1989).

■ In the present case, this Court was careful to give the Debtor every opportunity to explain and justify his large and constantly changing expense claims. The Debtor was unable to explain satisfactorily questions regarding the fluctuation in his income and expense statements or the need to spend $7,200.00 for tools every year. The receipts presented by Debtor do not approach the $600.00 per month claimed as expenses for tools. This Court also considered the Debtor's excessive spending habits in other areas.

Although the post-petition ability to repay debts, standing alone, may not be

cause to dismiss a petition under 11 U.S.C. § 707(a), it is a relevant inquiry into whether the petition was filed in good faith.

Debtor is in good health, capable of earning substantial income. By readjusting his life-style, he is able to pay portion of his debt. Instead, he chooses to remain the same individual, living an affluent life-style and determined not to pay his principal creditors. It is clear that the Debtor simply desires not to pay his debt.

Based on the above,

IT IS HEREBY ORDERED that the Motion for Reconsideration filed herein on August 8, 1989 be and the same is, hereby denied.