**In re Aaron ORR, Debtor–Appellant.**

**No. 4:94 CV 1061 DDN.**

United States District Court,
E.D. Missouri,
Eastern Division.

July 21, 1994.

Aaron Orr, pro se.

Stuart J. Radloff, Partner, Radloff and Riske, St. Louis, MO, for Stuart Radloff.

James S. Cole, Jr., Asst. U.S. Trustee, Office of U.S. Trustee, St. Louis, MO.

### MEMORANDUM

NOCE, United States Magistrate Judge.

This action is an appeal from the United States Bankruptcy Court for the Eastern District of Missouri, under 28 U.S.C. § 158 and Bankruptcy Rules 8001(a) and 8002(a).

The action was assigned to the undersigned United States Magistrate Judge under 28 U.S.C. § 636.[1] Thereafter, the debtor-appellant and the trustee [2] each consented to the exercise of plenary authority by a magistrate judge under 28 U.S.C. § 636(c).

Before the court are the debtor's appeal from the dismissal of his chapter 7 bankruptcy case (Case No. 94–40347–293) and the motion of the debtor-appellant for a continuation of the automatic stay of proceedings under 11 U.S.C. § 362. On July 8, 1994, debtor-appellant filed his appellate brief. A status conference on the record by the court was held with the debtor-appellant and the trustee on July 15, 1994. Further presentation of the issues on appeal by oral argument is unnecessary. Bankr.R. 8012.

In Case No. 94–40347–293, Aaron Orr pro se filed his voluntary petition in bankruptcy under chapter 7 of the bankruptcy code. In his appellate brief, Orr states that it is his intention to convert the bankruptcy case to a proceeding under chapter 11.

On February 23, 1994, the bankruptcy court noted that debtor Orr had failed to file the required schedules of information within fifteen days from the filing of the bankruptcy petition. The court thereupon ordered that the debtor file the required schedules by March 2, 1994, stating, "If the Debtor fails to comply with this Order, the Bankruptcy Case No. 94–40347–293 *will* be dismissed." A copy of this order was shown as having been mailed to

Aaron Orr

d/b/a Orr Plumbing Company

Pro Se Debtor

4125 Natural Bridge

St. Louis, MO 63115.

*See* Order filed February 28, 1994, in Case No. 94–40347–293 (Bankr.E.D.Mo.) (emphasis in original). On March 14, 1994, debtor Orr filed an amended petition in bankruptcy. The record does not reflect that the required schedules were filed with the amended petition.

On March 25, 1994, the bankruptcy court noted that Orr had failed to file the required schedules and statement of affairs, as required by law and the order filed February 28, 1994. Upon this basis the bankruptcy court ordered that

the bankruptcy proceeding No. 94–40347–293 previously filed by Debtor is DISMISSED, the Trustee is discharged, all pending motions are DENIED as moot and the automatic stays of 11 U.S.C. § 362 are terminated.

*See* Order filed March 28, 1994, in Case No. 94–40347–293 (Bankr.E.D.Mo.).

On April 1, 1994, in the bankruptcy court, Orr filed his motion to reconsider the order of dismissal. Specifically, Orr requested additional time in which to file the schedules of information previously required. He alleged he did not receive a copy of the initial order, filed February 28, 1994. Orr also took issue with a letter from the bankruptcy court which, he asserts, stated that, if he was seeking bankruptcy relief as a corporation, the corporation was required by Missouri law to be represented by a licensed attorney. Orr argued in his motion that it is unlawful for the court to require that his corporation be represented by an attorney. Finally, Orr requested that the automatic stay remain in effect. The motion for reconsideration was summarily denied on April 5, 1994.

On April 8, 1994, the bankruptcy court filed its Notice of Dismissal:

### NOTICE OF DISMISSAL

TO: ALL CREDITORS AND PARTIES IN INTEREST:

PLEASE TAKE NOTICE that on March 25, 1994 an Order was entered dismissing the Chapter 7 Bankruptcy Case of the above named Debtor. The automatic stays of 11 U.S.C. § 362 are terminated.

---

1. The assignment to a Magistrate Judge of a bankruptcy appeal under 28 U.S.C. § 636 is appropriate. *Cf., In re Farhat Shahzad,* Cause No. 4:92 CV 1779 (SNL), Order and Memorandum filed October 30, 1992, 1992 WL 676589 (E.D.Mo.).

2. The bankruptcy trustee was named as the party appellee in this action. However, the trustee has abjured any interest in this action on appeal.

*See* Notice of Dismissal filed April 8, 1994, in Case No. 94–40347–293 (Bankr.E.D.Mo.).

On April 13, 1994, Orr filed his Notice of Appeal and the instant action commenced in the district court. On June 9, 1994, Orr filed in this court a motion for a continuation of the automatic stay pending appeal.

The issues presented by debtor-appellant on appeal are: (1) whether it was proper to dismiss the bankruptcy action and to not reinstate it after the debtor had alleged to the bankruptcy court that he had not received the order filed on February 28, 1994; and (2) whether Missouri law which requires a corporation to be represented by an attorney in federal bankruptcy matters violates the federal Constitution.

 The standards for appellate review of a bankruptcy order are clear. The factual findings of the bankruptcy judge may not be overturned unless they are clearly erroneous and the conclusions of law may be reviewed *de novo*. *United States v. Olson*, 4 F.3d 562, 564 (8th Cir.1993); Bankr.R. 8013. Further, a decision by a bankruptcy court to dismiss a case under 11 U.S.C. § 707(a)[3] will be reversed only where it is shown that the court's discretion was abused. *In re Zick*, 931 F.2d 1124, 1126 (6th Cir.1991).

Under Bankruptcy Rule 1007(b)(1), debtor Orr was required to file with the bankruptcy court

> schedules of assets and liabilities, a schedule of current income and expenditures, a schedule of executory contracts and unexpired leases, and a statement of financial affairs, prepared as prescribed by the appropriate Official Forms.

*See also* 11 U.S.C. § 521(1). Individual debtors in chapter 7 bankruptcy cases are also required to file a statement of intention concerning the property of the estate which secures consumer debts. *See* Bankr.R. 1007(b)(2); 11 U.S.C. § 521(2). Bankruptcy Rule 1007(c) mandates that these schedules be filed either with the bankruptcy petition or within fifteen days after its filing, if the petition "is accompanied by a list of all the debtor's creditors and their addresses....." The record is clear that neither the original petition nor the amended petition was accompanied by the list of creditors and their addresses, and that debtor Orr did not file the required schedules with the original petition or within fifteen days after the petition was filed.

 The bankruptcy court may dismiss a chapter 7 case on its own motion for failure to file the required schedules. 11 U.S.C. § 105(a); *In re Keebler*, 106 B.R. 662, 664 (Bkrtcy.D.Hawaii 1989). The notice and hearing requirements of 11 U.S.C. § 707(a), *see* fnt. 3 supra, are limited by 11 U.S.C. § 102(1) which provides:

> In this title—
>
> > (1) "after notice and a hearing", or a similar phrase—
> >
> > > (A) means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances; but
> > >
> > > (B) authorizes an act without an actual hearing if such notice is given properly and if—
> > >
> > > (i) such a hearing is not requested timely by a party in interest;

Under this statutory provision, where notice has been given and the party who received the notice does not request a hearing, an

---

**3.** The record indicates the conclusion that the bankruptcy court acted under its Local Rule of Bankruptcy Procedure 2(a) and 11 U.S.C. § 707(a) to dismiss the case.

> Rule 2(a) provides:
>
> > Unless a Debtor's schedules, statements and plan (where applicable) are timely filed, or the Court grants an extension, the case may be dismissed without further notice.
>
> Section 707(a) provides:
>
> > The court may dismiss a case under this chapter only after notice and a hearing and only for cause, including—

> > (1) unreasonable delay by the debtor that is prejudicial to creditors;
> >
> > (2) nonpayment of any fees or charges required under chapter 123 of title 28; and
> >
> > (3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521, but only on a motion by the United States trustee.

actual hearing is not required. 2 *Collier on Bankruptcy* § 102.02, pp. 102–3—102–7 (1994). This provision reinforces the authority of bankruptcy judges to handle their cases in a speedy and expeditious manner. *Id.*

In Orr's case, the bankruptcy court provided notice of his failure to file the required schedules in its order filed on February 28, 1994. Crediting Orr's assertion that he did not receive this mailed order, he did receive the order filed March 25, 1994. In response to this later order, he filed his Motion to Reconsider on April 1, 1994. This motion presented the bankruptcy court with Orr's position that he had not received the earlier notice. Nevertheless, he did not then present the court with the required schedules, or state the reason for his failure to file them within the required time period, or give a date certain when they would be filed. Rather, he merely requested an extension of time to file them.

Bankruptcy Rule 1007(c) mandates the filing of the schedules, if not with the petition, then within fifteen days of the filing of the petition. The rule also provides that "[a]ny extension of time for the filing of the schedules and statements may be granted *only on motion for cause shown....*" (Emphasis added.) The speed and efficiency with which the bankruptcy court must operate, given the numbers of cases it must administer and adjudicate, requires that litigants adhere to the procedural rules and the requirements of providing the court with the information necessary to conduct its proceedings. Because Orr did not comply with the schedule-filing time requirement and did not show cause why he was entitled to an extension of time to file, it was not an abuse of the bankruptcy court's discretion to deny the motion for reconsideration. *Cf.,* L.Bankr.R. 2(a).

At the conference before this court, both debtor-appellant Orr and the trustee stated their understanding that Orr had and still has the option of filing a new petition for bankruptcy relief. *See* 11 U.S.C. § 349(a).

The other argument made by Orr in the motion for reconsideration filed with the bankruptcy court, that it is improper for the bankruptcy court to require a corporate debtor to be represented by an attorney, is not properly before this court. The record indicates that the dismissed bankruptcy case was commenced in the name of debtor Aaron Orr as an individual, doing business as Orr Plumbing Company, not in the name of a corporation. The bankruptcy court's dismissal did not expressly overrule Orr's arguments in this regard as a basis for the dismissal.

For these reasons, the dismissal of the bankruptcy case was not an abuse of discretion. There being no substantial issue for continued appeal, this court will deny the motion for a continuation of the effects of the automatic stay of 11 U.S.C. § 362.

The order of the bankruptcy court dismissing Case No. 94–40347–293 is AFFIRMED. An appropriate order is issued herewith.