In re Richard C. MILLER Sr., Debtor.

Richard C. Miller, Sr.,
Debtor–Appellant,

v.

Donald Cloud and Capital Crossing
Bank, Appellees.

Nos. 00–10500, 00–CV–1868(LEK).

United States District Court,
N.D. New York.

June 8, 2001.

Deborah L. Kelly, Hodgson, Russ Law Firm, Albany, NY, for Debtor.

Peter A. Pastore, McNamee, Lochner Law Firm, Stephen H. Volkheimer, Hiscock, Barclay Law Firm, Albany, NY, for Appellee.

### MEMORANDUM—DECISION AND ORDER

KAHN, District Judge.

Presently before the Court is Appellant's motion for a preliminary injunction pending appeal, pursuant to Federal Rule of Civil Procedure 62(c) and Bankruptcy Rule 8005. For the following reasons, this motion is DENIED.

### I. BACKGROUND

Appellant filed his petition for relief under Chapter 7 of the United States Bankruptcy Code on February 3, 2000. He is a 71 year old stock broker who made and continues to make a salary significantly in excess of $100,000 per year. In the three years prior to his filing of the instant bankruptcy petition, Appellant earned $195,107, $253,280, and $311,874 respectively. His income schedules, filed on the date of his petition, indicate that even though his salary and income are significant, his expenses exceed his income by more than $5000.00 per month.

Shortly after the filing of Appellant's bankruptcy petition, his only two significant creditors, Donald Cloud and Capital Crossing Bank, filed separate motions to dismiss Appellant's petition pursuant to 11 U.S.C. § 707(a). They argued that Appellant's petition was filed in bad faith. After the close of discovery the Honorable Robert E. Littlefield, Jr., United States Bankruptcy Judge for the Northern District of New York, conducted a full evidentiary hearing and bench trial on September 5, 2000. At the trial's close, Judge Littlefield indicated that Appellee Cloud had met his burden of proving that Appellant's petition was filed in bad faith.

Nevertheless, Judge Littlefield waited for approximately two months after the trial closed before issuing a final order dismissing the case in order to promote settlement between the parties. On November 2, 2000, Judge Littlefield dismissed Appellant's petition finding, in relevant part, that because Appellant had filed his bankruptcy petition to hinder two creditors, maintained a significant amount of income to repay these creditors, continued to make timely payments to all other creditors, and expended large amounts of money on trips and gifts to his girlfriend after the petition was filed, the Chapter 7 proceeding was instituted in bad faith. On November 20, 2000 Appellee Cloud successfully obtained a default judgment against Appellant in state court in the amount of $193,596.77, the total sum due him. Appellant sought to vacate the entry of default against him but failed. The

State Court ordered Appellant to make monthly payments to Appellee Cloud in the amount of $5,000 per month on February 15, 2001.

Appellant initially sought to appeal Judge Littlefield's decision on November 22, 2000 but because he filed to timely perfect it, this Court dismissed it on December 15, 2000. Appellant sought reconsideration of the dismissal and by order dated May 15, 2001, the Court granted this request and reinstated his appeal. Debtor then sought on May 23, 2001, by order to show cause before Judge Littlefield, a stay of all action against his estate pending resolution of his appeal.[1]

Judge Littlefield granted Appellant a forty eight hour stay in order to provide him with an opportunity to seek a further stay with this Court. On May 25, 2000 Appellant came to this Court via order to show cause seeking a continuation of the stay pending resolution of his appeal. The Court extended the stay temporarily and on May 31, 2001 heard oral argument on Appellant's request.

## II. DISCUSSION

### A. Standard for Injunction Pursuant to Fed.R.Civ.P. 62 and Bankruptcy Rule 8005

 Federal Rule of Civil Procedure Rule 62 has been interpreted narrowly but allows district courts to grant such relief "as may be necessary to preserve the status quo pending an appeal where the consent of the court of appeals has not been obtained." *Vasile v. Dean Witter Reynolds, Inc.*, No. 99–7297, 2000 WL 236473 at *2 (2d Cir.Feb 14, 2000). Bankruptcy Rule 8005 has been interpreted consistently with Federal Rule 62 and in order to obtain an injunction under either rule, the moving party must show that four factors are met: (1) whether the movant will suffer irreparable injury absent a stay; (2) whether a party will suffer substantial injury if a stay is issued; (3) whether the movant has demonstrated a substantial possibility (although less than a likelihood) of success on success on appeal, it does not address the other factors relevant to the Rule 62 and Rule 8005 analysis.

### B. Substantial Possibility of Success on Appeal

 Pursuant to 11 U.S.C. § 707(a), a bankruptcy court may dismiss a petition only after notice and hearing and only for cause. *See* 11 U.S.C. § 707(a). Although not specifically provided for in section 707(a), Courts have uniformly interpreted the "for cause" standard in 11 U.S.C. § 707(a) to provide for a bankruptcy petition's dismissal when it is not filed in good faith. *See In re C–TC 9th Ave. P'ship*, 113 F.3d 1304, 1310 (2d Cir.1997) (noting that the good faith standard applied to bankruptcy petitions "is necessary to legitimize the delay and costs imposed upon parties to a bankruptcy"); *In re Eclair Bakery Ltd.*, 255 B.R. 121, 137 (Bankr.S.D.N.Y. 2000); *In re Griffieth*, 209 B.R. 823, 826 (Bankr.N.D.N.Y.1996). Nevertheless, dismissal of a bankruptcy petition for bad faith is an extraordinary remedy and should be used sparingly to avoid denying bankruptcy relief to otherwise statutorily-eligible debtors. *See In re 234–6 West 22nd St. Corp.*, 214 B.R. 751, 757 (Bankr. S.D.N.Y.1997). Because facts indicating bad faith "are as varied as the number of cases" filed, a bankruptcy court judge should conduct a careful analysis when making a determination regarding the sparingly to avoid denying bankruptcy relief to otherwise statutorily-eligible debt-

---

1. Granting Appellant's request would preclude Appellee Cloud from enforcing the State Court monthly installment payment order against him until his appeal is resolved.

ors. *See In re 234–6 West 22nd St. Corp.,* 214 B.R. 751, 757 (Bankr.S.D.N.Y.1997). Because facts indicating bad faith "are as varied as the number of cases" filed, a bankruptcy court judge should conduct a careful analysis when making a determination regarding the debtor's bad faith filing of a bankruptcy petition. *In re Bingham,* 68 B.R. 933, 935 (Bankr.M.D.Pa.1987).

In the instant case, Judge Littlefield utilized six factors to support his findings of Appellant's bad faith filing. In order he found, first, that Appellant's financial transactions and bankruptcy filings have had the effect of frustrating only two creditors, Mr. Cloud and Capital Crossing Bank. In support of this finding, Judge Littlefield noted that throughout the bankruptcy proceeding, Appellant continued to stay current on all of his outstanding obligations to other creditors.

Second, the Bankruptcy Court noted that Appellant had not attempted to pay Appellant Cloud during the pendency of his bankruptcy petition or prior to the petition. At the same time, he continued to make payments to the contractor on his girlfriend's house over a period extending four years and totaling in excess of $80,000.[2] Third, the Bankruptcy Court found that Appellant had not made any significant lifestyle changes either prior to or after he filed his Chapter 7 Petition. In particular, the Court noted that Appellant took trips to Hawaii and St. Martin immediately before filing his bankruptcy petition and purchased a $3,500 engagement ring for his fiance eighteen days after filing his petition.

Fourth, the Bankruptcy Court found, as a matter of fact, that Appellant had close to $10,600 in monthly discretionary income and not $5,000 in monthly discretionary income as he claimed. As a result the Court concluded that Appellant had sufficient resources to pay off substantial portions of his existing debts. Fifth, Judge Littlefield held that Appellant had inflated his expenses to disguise his financial well being and sixth, Judge Littlefield held that if Appellant simply scaled back on his discretionary expenses he could meet his financial obligations. Given this finding, the Bankruptcy Court held that it would be unconscionable to the existing creditors to allow Appellant to take advantage of the protections afforded under the Bankruptcy Code.

Appellant does not argue that each of these factual findings were clearly erroneous. Rather, Appellant argues that the Bankruptcy Court improperly considered the amount of his post-petition income as part of its analysis regarding whether to dismiss the petition. The Court disagrees with Appellant and notes that the Bankruptcy Court utilized a series of factors, in addition to Appellant's post-petition income, to conclude that his filing was in bad faith.

■ Moreover, this Court reviews the Bankruptcy Court's finding of fact under the clearly erroneous standard. *See* Fed. R. Bankr.P. 8013; *Shugrue v. Air Line Pilots Ass'n Int'l (In re Ionosphere Clubs, Inc.),* 922 F.2d 984, 988 (2d Cir.1990). Under this standard, a reviewing court will only overturn those findings when it is "left with the definite conviction that a mistake has been committed," *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948); *see also In re The Bennett Funding Group,* 255 B.R. 616, 625 (N.D.N.Y. 2000). As long as the Bankruptcy Court's findings are "plausible in light of the evidence viewed in its entirety," this Court

---

**2.** Appellant made payments in excess of $67,000 during 1997, 1998, and 1999. From

November 1999 until February 2000 he paid the contractor $13,063.

cannot reverse simply because it might have reached a different conclusion were it the trier of fact. *See Anderson v. City of Bessemer City, N.C.,* 470 U.S. 564, 574, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985).

Given this high threshold and the fact that Bankruptcy Courts have considerable experience in determining whether debtors have sufficient resources to pay off substantial portions of their debts when deciding whether a bankruptcy petition was filed in bad faith, this Court does not see how Appellant has demonstrated that it has a substantial possibility of success on its appeal. Moreover, the Bankruptcy Court did not make any errors of law when it examined Appellant's current financial condition as part of its analysis regarding Appellant's misuse of the Bankruptcy Code. *See In re Griffieth,* 209 B.R. at 827. Contrary to Appellant's assertion, the record does not indicate that the Bankruptcy Court fashioned a "means test" or otherwise inflated the importance of Appellant's post-petition income in comparison to the other factors relevant to its bad faith analysis.

At most, as Appellant's moving papers state, he disagrees with the level of "bad faith" present in the instant case in comparison to the level of "bad faith" found in *Griffieth.* Although the Court agrees with Appellant that the level of bad faith here is not as egregious as that present in *Griffieth,* that is not enough. He needed to provide evidence indicating a substantial possibility of success in his appeal of the Bankruptcy Court's bad faith determination. Since he has not done so, his request for a stay pending appeal must, as a matter of law, be denied.[3]

---

**3.** To the extent that Appellant argues that he will suffer irreparable harm if a stay is not granted because he cannot meet the State Court ordered $5,000 monthly payments to

## III. CONCLUSION

Accordingly, it is hereby

ORDERED that Appellant's motion for a stay pending appeal is DENIED; and it is further

ORDERED that the temporary restraining order issued on May 25, 2001 is hereby DISSOLVED; and it is further

ORDERED that the Clerk of the Court serve a copy of this Order on all parties by regular mail.

IT IS SO ORDERED.

---

Appellee Cloud, he is directed to file a proper motion with the State Court to modify or otherwise obtain relief from that order.