**In re Aurelio ETCHEVERRY, Jr., Debtor.**

**Bankruptcy No. 97–28659 RJB.**

United States Bankruptcy Court, D. Colorado.

June 16, 1998.

Leo M. Weiss, Denver, CO, for U.S. Trustee.

Herbert A. Delap, Herbert A. Delap & Associates, P.C., Denver, CO, for Debtor.

MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

█ THIS MATTER came on for hearing on June 8, 1998, upon the United States Trustee's Motion to Dismiss Under 11 U.S.C. § 707(a) filed March 27, 1998. The sole basis for the Motion is as follows:

The United States Trustee asserts that this case should be dismissed under 11 U.S.C. § 707(a) in that the petition is not brought in good faith. Debtor maintains a lavish lifestyle a [sic] exhibits the income with which he can pay his current debt.

In support of that assertion the Motion goes on to allege that the United States Trustee "believes" that the Debtor's income is understated and that his expenses are overstated. It is alleged that the Debtor's non-debtor spouse earns $32,000 per year which is not reflected on the Debtor's schedules, "but is relevant to the issue." The Motion cites specific entries in the Debtors schedules as support for these allegations.

The threshold question before the Court is whether or not there is a "good faith requirement" in § 707(a). Judge Brooks of this Court has held that there is such a requirement. *See In re Hammonds,* 139 B.R. 535 (Bankr.Colo.1992), and *In re Tanenbaum,* 210 B.R. 182 (Bankr.Colo.1997). In *Hammonds* the Court ruled that the following characteristics of a Chapter 7 case made it ripe for dismissal "for cause" under § 707(a), to wit:

(1) one or few creditors in number; modest debt in amount relative to assets or income; (2) lack of candor and completeness in debtor's statements and schedules; (3) improper or unexplained transfers, or absence, of debtor's pre-petition assets; (4) multiple case filings or other extraordinary procedural gymnastics; and (5) existence of a predominant dispute between debtor and a single creditor. 139 B.R. at 542.

The Court went on to elaborate on these "bad faith characteristics" as follows:

While some ability to repay debts is certainly not, in and of itself, adequate cause for dismissal of a Chapter 7 case, except perhaps under Section 707(b), when con-sidered in conjunction with (1) the transfer of non-exempt corporate assets, without fair consideration, to Debtor's non-debtor spouse, (2) a continuing comfortable lifestyle, (3) a deliberate and persistent pattern of evading a single major creditor, (4) less than candid, full disclosure, and (5) Debtor's prior procedural gymnastics in Bankruptcy Court ... [amounts to bad faith]. 139 B.R. at 542–543.

While this Court will not argue that it was "unfair and unjust" (*In re Tanenbaum,* 210 B.R. at 186) for the debtors in the *Hammonds* and *Tanenbaum* cases to have filed their Chapter 7 cases, there was no statutory basis for the dismissal of those cases under 11 U.S.C. § 707(a).

█ Even the Court in *In re Khan,* 172 B.R. 613 (Bankr.Minn.1994), which adopts a much more restrictive "good faith" requirement in § 707(a), recognizes that specific provisions within a statute control over more general provisions and that where a more limited form of punitive sanction, such as disallowance of claimed exemptions, determination of non-dischargeability, or denial or revocation of a discharge are specified, then such specific provisions should control. For almost every one of the "bad faith characteristics" listed in the *Hammonds* and *Tanenbaum* cases, *supra,* there is a specific remedy provided elsewhere in the Bankruptcy Code. The most glaring exception to this assertion is the "means test" imposed by those cases, i.e., the ability to repay some debt and continuing to maintain a comfortable lifestyle. There is absolutely no provision in the Bankruptcy Code that would prevent or deter a debtor from filing a Chapter 7 case if he had the ability to repay some debt and could still maintain a comfortable lifestyle. But it is not for the courts to insert that "means test" into the Code. In fact, at this very moment, Congress is debating whether or not it should write such a provision into the Code. Does not the fact that Congress perceives the need to insert this into the statute give credence to the theory that this requirement does not exist there presently?

█ In addition, Congress had the opportunity to insert a "good faith" requirement

into § 707(a) when it amended § 707(b) in 1986. 11 U.S.C. § 707(b) already contained a "substantial abuse" provision and Congress amended the section in 1986 to provide that the United States Trustees could initiate action under § 707(b). If Congress had wanted a "substantial abuse" provision in 707(a) they could have inserted it as they did in § 707(b), but they did not do so.

In short, this Court holds that there is not a "good faith" requirement contained in 11 U.S.C. § 707(a). Rather this Court adopts and follows the reasoning of Chief Judge Scholl in his opinions in *In re Latimer*, 82 B.R. 354 (Bankr.E.D.Pa.1988), and *In re Landes*, 195 B.R. 855 (Bankr.E.D.Pa.1996). It is, therefore,

ORDERED that the within Motion is denied.