In re Aurielio ETCHEVERRY, Debtor.

Barbara A. Shangraw, United States Trustee, Plaintiff/Appellant,

v.

Aurielio Etcheverry, Defendant/Appellee.

Nos. Civ.A. 98–D–1345, 97–28659 RJB.

United States District Court, D. Colorado.

Dec. 22, 1999.

Leo M. Weiss, Denver, CO, for plaintiff.

Herbert A. Delap, Denver, CO, for defendant.

## MEMORANDUM OPINION & ORDER

DANIEL, District Judge.

### I. BACKGROUND

This matter is before the Court on Trustee/Appellant's appeal of an Order entered by the United States Bankruptcy Court for the District of Colorado ("Bankruptcy Court") on August 11, 1997, wherein the Bankruptcy Court denied the Appellant's Motion to Dismiss pursuant to 11 U.S.C. § 707(a). The Trustee/Appellant ("Trustee") timely filed a notice of appeal [1] and subsequently filed her opening appeal brief on September 1, 1998. The Appellee filed a response brief on September 22, 1998, and the Trustee filed a reply brief on October 5, 1998. After reviewing the parties' briefs, the portions of the underlying record certified for appeal, and the relevant case law, I conclude that oral argument would not materially assist the Court in reaching its decision. For the reasons discussed below, I find that 11 U.S.C.

1. This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a). I review the Bankruptcy Court's Findings of Fact under

§ 707(a) does not include an implicit good faith requirement in the context of the dismissal of Chapter 7 bankruptcy liquidation proceedings. Therefore, I AFFIRM the Bankruptcy Court's judgment denying the Appellant's Motion to Dismiss.

In her March 27, 1998 Motion to Dismiss, the Trustee "assert[ed] that this case should be dismissed under 11 U.S.C § 707(a) in that the petition [was] not brought in good faith." Motion to Dismiss at 1, ¶ 4. Following a June 8, 1998 hearing, without reaching the facts of the case, the Bankruptcy Court denied the Trustee's Motion to Dismiss as a matter of law. Guiding the court's decision was the legal view that there is no good-faith requirement in 11 U.S.C. § 707(a), effectively precluding the possibility that "bad faith" can ever be deemed "cause" for the purposes of Section 707(a). *In re Etcheverry*, 221 B.R. 524, 526 (Bankr.D.Colo.1998) ("[T]his Court holds that there is not a "good faith" requirement contained in 11 U.S.C. § 707(a)"). Consequently, the sole issue presented for resolution on appeal is whether the Bankruptcy Court erred, as a matter of law, in holding that there is no "good faith" filing requirement when the dismissal of Chapter 7 cases is urged under Section 707(a).

### II. ANALYSIS

#### A. *Standard of Review.*

The Bankruptcy Court's legal conclusions are reviewed *de novo*. *In re Brown*, 108 F.3d 1290, 1292 (10th Cir.1997) (citing *In re Schneider*, 864 F.2d 683, 685 (10th Cir.1988)). In my review of the Bankruptcy Court's decision, the Bankruptcy Code must be construed liberally in favor of the debtor and strictly against the creditor. *Id.* (citing *In re Adlman*, 541 F.2d 999, 1003 (2d Cir.1976)).

the clearly erroneous standard of review and review its Conclusions of Law *de novo*. *In re Herd*, 840 F.2d 757, 759 (10th Cir.1988).

## B. Bad Faith Is Not A Ground For Dismissal "For Cause" Under 11 U.S.C. § 707(a)

As a preliminary matter, it is important to note that commentators have questioned the ability of a bankruptcy court to dismiss a Chapter 7 case for lack of good faith. *See* Katie Thein Kimlinger & William P. Wassweiler, *The Good Faith Fable of 11 U.S.C. § 707(a): How Bankruptcy Courts Have Invented A Good Faith Filing Requirement For Chapter 7 Debtors*, 13 Bankr.Dev.J. 61 (1996); *see also*, 6 Collier on Bankruptcy ¶ 707.03[2] ("[T]he power to dismiss a chapter 7 case for lack of good faith, *if it exists at all*, is extremely limited.") (emphasis added). While the Bankruptcy Code explicitly imposes a good faith requirement in the proposal of Chapter 11, 12 and 13 plans, *see* 11 U.S.C. §§ 1129(a)(3), 1225(a)(3), 1325(a)(3) (1999), no such mandate is articulated under Chapter 7. Section 707(a) of the Bankruptcy Code provides that a bankruptcy court

> may dismiss a case under this chapter only after notice and a hearing and only for cause, including—
>
> (1) unreasonable delay by the debtor that is prejudicial to creditors;
>
> (2) nonpayment of any fees or charges required under chapter 123 of title 28; and
>
> (3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521, but only on a motion by the United States trustee.

11 U.S.C. § 707(a). The instances of "cause" set forth in Section 707(a) are merely illustrative and are not an exhaustive listing. *In re Hammonds*, 139 B.R. 535 (Bankr.D.Colo.1992).

The Appellant notes that "[a] lack of good faith ... has been recognized in a number of bankruptcy cases as a valid cause of dismissal under § 707(a)." *In re Zick*, 931 F.2d 1124, 1126–27 (6th Cir.1991) (citing *In re Sky Group Int'l. Inc.*, 108 B.R. 86 (Bankr.W.D.Pa.1989) (a showing of bad faith can result in dismissal under § 707(a)); *In re Brown*, 88 B.R. 280 (Bankr.D.Hawai'i 1988) (good faith is an implicit jurisdictional requirement and requires inquiry into any abuse of the provisions, the purpose of the spirit of the bankruptcy law and into whether the debtor requires the liberal protection of the Code); *In re Bingham*, 68 B.R. 933 (Bankr.M.D.Pa.1987) (where debtor's good faith is put into question, the debtor bears the burden of proving that the filing was made in good faith); *In re Kragness*, 63 B.R. 459, 465 (Bankr.D.Or.1986) ("That concept [good faith] is not open to serious debate."); *In re Khan*, 35 B.R. 718 (Bankr. W.D.Ky.1984) (Chapter 7 does not in express words require good faith, but good faith is an implicit jurisdictional requirement), *remanded for clarification*, 751 F.2d 162 (6th Cir.1984)). Reasoning that bankruptcy relief is available to the poor but honest debtor who has tried to pay his creditors and failed, *In re Khan*, 35 B.R. at 719, and that the instances of "cause" set forth in Section 707(a) are merely illustrative and are not an exhaustive listing, *In re Hammonds*, 139 B.R. at 541, these bankruptcy cases held that, although there is no explicit requirement of good faith in Section 707(a), good faith is an implicit jurisdictional requirement under Chapter 7. I am not persuaded by these cases as I find that Congress deliberately omitted the good faith requirement from Chapter 7 of the Bankruptcy Code.

In 1978 Congress enacted a new Bankruptcy Code. The Code did not contain any express requirement that bankruptcy petitions be filed in good faith. It, however, did retain the concept that where a debtor chooses to maintain its relationship with its creditors in an attempt to reorganize, the debtor must demonstrate good faith in that relationship. *See* U.S.C. §§ 1129(a)(3), 1225(a)(3), 1325(a)(3) (1999).

The foregoing provisions contain identical language mandating that the court, prior to confirming a Chapter 11, 12 or 13 plan, must find that the reorganization proposal has been made in good faith. I find that the absence of this language in the Bankruptcy Code's liquidation chapter, Chapter 7, means that Congress did not incorporate a good faith requirement when a bankruptcy court rules on motions to dismiss under 11 U.S.C. § 707(a).

Further support for this result comes from changes not made by Congress when it amended the Bankruptcy Code in 1986. It declined to insert a good faith requirement into § 707(a) when it changed § 707(b). Also, the 1986 Code changes strengthened the ability of United States Trustees to initiate action under § 707(b) where there existed substantial abuse. I agree with the bankruptcy judge that "[i]f Congress had wanted a 'substantial abuse' provision in 707(a) they could have inserted it as they did in § 707(b), but they did not do so." *In re Etcheverry*, 221 B.R. at 525.

The exclusion of good faith language in 11 U.S.C. § 707(a) makes sense if one examines the relationship of the debtor and creditor in a liquidation case. When a debtor liquidates, it surrenders all of its nonexempt assets for distribution among its creditors, and the debtor-creditor relationship is presumably terminated. Since liquidation requires no ongoing relationship between the debtor and creditor, the ability to discharge should be made available to any debtor that is willing to risk the chance that some of its debts may not be discharged. Indeed, Section 523 excepts particular debts from discharge, 11 U.S.C. § 523 (1999), and Section 727 prohibits the discharge of all debts. 11 U.S.C. § 727 (1999). This result occurs regardless of whether the debtor's motive in seeking the remedy of liquidation is grounded in good faith. When this point is coupled with the fact that the Bankruptcy Code already provides several remedies which creditors may utilize to counter the tactics of debtors engaged in bad faith, *see, e.g.,* 11 U.S.C. § 532(a)(2) (1999) (protecting creditors from extensions of credit based on fraud, false pretenses or false representations); 11 U.S.C. § 727(a) (1999) (preventing discharge to a debtor who has converted, transferred or destroyed property in attempt to avoid collections of debt by creditors), I find that the Appellant's position is without merit.

The Tenth Circuit Court of Appeals has noted that the Section 707(a) motion to dismiss statute "give[s] bankruptcy courts general jurisdiction to dismiss abusive petitions under other provisions of the Bankruptcy Code, without regard to classification." *In re Stewart,* 175 F.3d 796, 811 n. 14 (10th Cir.1999). That case, however, which focused on the parameters of 11 U.S.C. § 707(b), a section of Chapter 7 not at issue in this case, never held that bad faith can be "cause" for dismissal under Section 707(a). *See generally, In re Stewart,* 175 F.3d 796 (10th Cir.1999). In fact, the Tenth Circuit has never so held.

In this District, two prior bankruptcy court decisions have expressly held that bad faith can be "cause" for dismissal under Section 707(a). First, the court in *In re Hammonds,* 139 B.R. 535 (Bankr. D.Colo.1992), held that "[a] debtor's good faith is an implicit jurisdictional prerequisite to the filing of a case under the Bankruptcy Code . . . . Absence of good faith is generally held to be sufficient cause for dismissal." *Id.* at 541 (internal citations omitted). Second, in *In re Tanenbaum,* 210 B.R. 182 (Bankr.D.Colo.1997), the court re-affirmed the *Hammonds* holding that "[t]he absence of good faith of a debtor is . . . sufficient cause for dismissal under Section 707(a)". *Id.* at 185. Both of these cases were Chapter 7 cases that asserted that because the instances of "cause" set forth in Section 707(a) are not an exclusive listing, the absence of good faith of a debtor is sufficient cause for dismissal under Section 707(a). *See In re Hammonds,* 139 B.R. at 541; *In re Tanenbaum,* 210 B.R. at 185.

I disagree with these bankruptcy decisions and note that no District Court of Colorado, Tenth Circuit, or Supreme Court case has explicitly held that such a good faith requirement exists in Section 707(a). Indeed, the support in these two cases for this proposition was limited to other bankruptcy court decisions from other jurisdictions and one Circuit Court of Appeals decision from another jurisdiction. *In re Tanenbaum*, 210 B.R. at 186–87 (citing *In re Zick*, 931 F.2d 1124 (6th Cir.1991)). Thus, I find that the Bankruptcy Court's conclusion that "there was no statutory basis for the dismissal of those cases under 11 U.S.C. § 707(a) . . ." is the result that is compatible with the language of the statute, its legislative history and the grounds upon which proceedings can be dismissed under Section 707(a). *In re Etcheverry*, 221 B.R. at 525; *see generally*, 11 U.S.C. § 707(a).

### C. *The Proposed Amendments to the Bankruptcy Code*

In his brief, the Appellee noted that Congress was considering new legislation to further restrict Chapter 7 filings. Consequently, the Appellee maintained that the fact that Congress was attempting to enact legislation which added significant new changes to the Bankruptcy Code was a clear indication that such a provision was not in the Bankruptcy Code. The legislation in question was two bills: H.R. 3150, the Bankruptcy Reform Act of 1998, and S.1301, the Consumer Bankruptcy Reform Act of 1997.[2] The two bills, however, each contemplated a different formulation to ensure that only the neediest individuals may proceed under Chapter 7 liquidation and obtain a discharge. If such a debtor could repay his creditors he would be ineligible to proceed under Chapter 7 and would either have his case dismissed or converted to Chapter 13 for formulation of a repayment plan. *See generally* H.Rep. No. 105–540, 105th Cong., 2d Sess. at 69,

74 (May 18, 1998); *accord* S.Rep. No. 105–253, 105th Cong., 2d Sess, at 34–35 (July 21, 1998). Consequently, these two bills strengthen subsection (b) of Section 707 to ensure dismissal of Chapter 7 cases by debtors who possess a quantifiable ability to repay. Section 707(b) focuses on consumer debtors and does not apply in this case. *See* 11 U.S.C. § 707(b). Therefore, I find that the amendments have no bearing on my decision in this appeal.

### III. CONCLUSION

The Court recognizes that other jurisdictions have held that "[a] lack of good faith . . . has been recognized in a number of bankruptcy cases as a valid cause of dismissal under § 707(a)." *In re Zick*, 931 F.2d 1124, 1126–27 (6th Cir.1991). The Tenth Circuit, however, has not. Indeed, nothing in the text of Section 707(a) indicates that the Section was intended to punish debtors for immoral motivation in filing Chapter 7. Consequently, this Court is hesitant to impose such a good faith requirement when it is clear that our nation's Supreme Court, the Tenth Circuit, and Congress have not. Accordingly, for the reasons stated above, it is hereby

ORDERED that the Bankruptcy Court's judgment denying the Appellant's Motion to Dismiss is AFFIRMED, and this appeal is DISMISSED.

---

**2.** The Senate passed the Bankruptcy Reform Act of 1998, after striking all text after the enacting clause and inserting, in lieu thereof, the text of the Consumer Bankruptcy Reform Act of 1997. *See* 144 *Cong.Rec.* D1021–02, D1021 (1998).