**In re Terry Gene WEEKS and Tami Sue Weeks, Debtors.**

**No. 03–66551.**

United States Bankruptcy Court, E.D. Michigan, Southern Division.

March 3, 2004.

---

Robert E. Jones, Allen Park, MI, for Debtor.

Stephen E. Spence, Detroit, MI, for U.S. Trustee.

*OPINION DENYING UNITED STATES TRUSTEE'S MOTION TO DISMISS UNDER § 707(a) and (b)*

MARCI BETH McIVOR, Bankruptcy Judge.

On February 24, 2004, this Court had a hearing on the United States Trustee's Motion to Dismiss under § 707(a) and (b). At the hearing, the Court stated that it would determine whether the United States Trustee's Motion was barred by the statute of limitations found in Fed. R. Bankr.P. 1017(e)(1) and, if the Court determined that the motion was not time-barred, the Court would set this matter for an evidentiary hearing. The Court finds that the Trustee's Motion under § 707(b) is time-barred and that § 707(a) does not apply to this case because the allegations set forth in the Trustee's Motion do not constitute "cause" as is required under § 707(a). Therefore, the Court denies the Trustee's Motion to Dismiss.

I.

*FACTUAL BACKGROUND*

The Debtors filed a voluntary petition under chapter 7 of the Bankruptcy Code on September 26, 2003. The Debtors scheduled the following debts:

| | |
|---|---|
| Secured Claims (4 creditors) | $161,989.86 |
| Unsecured Priority Claims (1 creditor) | $ 5,400.00 |
| Unsecured Non–Priority Claims (36 creditors) | $ 36,921.59 |

The debts listed in the Debtors' schedules appear to be primarily consumer debts. The Debtors list their total monthly net income in the amount of $5,230,40 and total monthly expenses in the amount of $5,461.67. The Debtors list the following expenses, among others, on their Schedule J:

| | | |
|---|---|---|
| a. | Food | $800.00 |
| b. | Home Maintenance | $500.00 |
| c. | Clothing | $400.00 |
| d. | Transportation | $450.00 |
| e. | Recreation | $150.00 |
| f. | Electricity and Heating Fuel | $335.00 |
| g. | 2002 IRS Taxes | $100.00 |
| h. | Student Loans | $ 80.00 |
| i. | Auto Insurance | $335.00 |

The Trustee moves to dismiss the Debtors' case, claiming that the Debtors are understating their income and overstating their expenses and that, if they accurately listed their income and if they curtailed their spending, the Debtors could make a meaningful contribution to creditors through a chapter 13 plan. The Debtors argue that they did not understate their income because one of the Debtors had a change in income mid-year. The Debtors also argue that the Trustee's motion to dismiss is time-barred.

## II.

### ANALYSIS

#### A.  Section 707(b) Analysis

■ This Court finds that the United States Trustee's Motion under § 707(b) is time-barred. Under Fed. R. Bankr.P. 1017(e)(1), the United States Trustee has 60 days from the first date set for 341 meeting to file motions to dismiss for substantial abuse under § 707(b). Fed. R. Bankr.P. 1017(e)(1) states,

A motion to dismiss a case for substantial abuse may be filed by the United States trustee only within 60 days after the first date set for the meeting of creditors under § 341(a), unless, on request filed by the United States trustee before the time has expired, the court for cause extends the time for filing the motion to dismiss.

In this case, the first date set for the first meeting of creditors was October 30, 2003. Sixty-days from that date is December 29, 2003. The United States Trustee did not file his motion to dismiss until January 8, 2004. Also, the United States Trustee did not file for an extension for the time for filing the motion. Therefore, the United States Trustee's motion under § 707(b) is untimely and is hereby denied.

#### B.  Section 707(a) Analysis

■ Because the Trustee's Motion under § 707(b) was denied, the question before the Court becomes whether the Trustee's Motion to Dismiss may be granted under § 707(a), which is not subject to the statute of limitations found in Fed. R. Bankr.P. 1017(e). Section 707(a) states,

(a) The court may dismiss a case under this chapter only after notice and a hearing and only for cause, including–

(1) unreasonable delay by the debtor that is prejudicial to creditors;

(2) nonpayment of any fees or charges required under chapter 123 of title 28; and

(3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521, but only on a motion by the United States trustee.

The phrase "for cause" found in § 707(a), as indicated by the enumerated factors set forth in § 707(a)(1–3), is geared toward maintaining the integrity of the bankruptcy process. *In re Motaharnia,* 215 B.R. 63, 66 (Bankr.C.D.Cal.1997).

■ The Sixth Circuit in *In re Zick*, 931 F.2d 1124, 1127 (6th Cir.1991) holds that a "lack of good faith" is a valid basis of decision in a "for cause" dismissal under § 707(a). *In re Zick*, 931 F.2d 1124, 1127 (6th Cir.1991). The question then becomes what constitutes a "lack of good faith". In discussing what constitutes a "lack of good faith", the *Zick* court states,

Dismissal based on a lack of good faith must be undertaken on an ad hoc basis. *In re Brown*, 88 B.R. at 284. It should be confined carefully and is generally *utilized only in those egregious cases* that entail concealed or misrepresented assets and/or sources of income, and excessive and continued expenditures, lavish lifestyle, and intention to avoid a large single debt based on conduct akin to fraud, misconduct, or gross negligence.

*Id.* at 1129 (emphasis added). In other words, dismissal for "lack of good faith" or, more simply put, "bad faith", in the context of § 707(a) may only be utilized in egregious cases where the debtors motives are clearly inconsistent with the established purpose of the Bankruptcy Code. *Accord, In re Motaharnia*, 215 B.R. at 68. In *Zick*, "lack of good faith" was evidenced by the debtor filing for bankruptcy shortly after Debtor's former employer obtained a $600,000.00 mediation award against the Debtor for violating a non-compete agreement. Zick's only debt was the mediation award and he had substantial assets. On these facts, the *Zick* court held that the creditor had grounds for dismissal under § 707(a).

■ An analysis of the purposes underlying § 707(a) and (b) supports the holding in *Zick*, that "for cause" dismissals under § 707(a) based on bad faith should be carefully confined and utilized only in egregious cases. Pursuant to statute, § 707(a) actions may be brought by any party, and their purpose is to protect the integrity of the bankruptcy system. To prevent individual creditors from objecting to a debtor's plan based on their own views of what expenses the debtor may reasonably incur, "for cause" objections under § 707(a) in the Sixth Circuit are limited to the most egregious instances of bad faith. On the other hand, actions under § 707(b) may only be brought by a United States trustee. Section § 707(b) actions are designed to allow the trustee to have oversight of the debtor's income and expenses so that the trustee may monitor whether the debtor is fully disclosing his income and whether the debtor is reasonable in his expenses. Section 707(a) actions and § 707(b) actions are not necessarily interchangeable. While there may be instances where the understatement of income or overstatement of expenses is so egregious as to be raised under both sections, the majority of cases where the trustee objects to arguable understatements of income and overstatements of expenses are only appropriately brought under § 707(b).

■ In this case, the United States Trustee alleges that the Debtors have understated their income and have excessive expenditures. The Trustee argues that, if the Debtors had properly stated their income and if they reduced their expenditures, they would be able to make a meaningful contribution to a Chapter 13 plan. With respect to the United States Trustee's allegation that the Debtors understated their income, the attorney for the Debtors explained at the February 24, 2004 hearing that the Debtors had not overstated their income because the Debtors' income had changed mid-year and, therefore, the United States Trustee's income calculations based on one pay stub were not accurate. The Debtors' attorney agreed to provide the United States Trustee with more documentation concerning the Debtors' income. If the dispute regarding the Debtors' income is resolved, only the Trustee's allegation that the

Debtors had not sufficiently reduced their expenses will remain. In this Court's view, allegations that a debtor has failed to sufficiently reduce expenses is not, in the wording used by the *Zick* court, egregious. The court in *Zick* sets forth its findings with respect to the purposes behind the Bankruptcy Code as follows:

> The Bankruptcy Code is intended to serve those persons who, despite their best efforts, find themselves hopelessly adrift in a sea of debt. Bankruptcy protection was not intended to assist those who, despite their own misconduct, are attempting to preserve a comfortable standard of living at the expense of their creditors. *Good faith and candor are necessary prerequisites to obtaining a fresh start.* The bankruptcy laws are grounded on the fresh start concept. There is no right, however, to a head start.

*Id.* at 1129, 1130 (emphasis added) *citing In re Jones,* 114 B.R. 917, 926 (Bankr. N.D.Ohio 1990).

In this case, the Trustee has not alleged an egregious "lack of good faith" or "lack of candor". The Trustee has merely alleged that the Debtors have not accurately reported their income and sufficiently reduced their expenses. A Trustee action founded primarily on a debtor's understatement of income and overstatement of expenses is properly brought under § 707(b). In order to prevail on a cause of action under § 707(a) in the Sixth Circuit, a party must allege either one of the specific procedural violations set forth in § 707(a), or demonstrate that the debtor had exhibited bad faith in such an egre-

gious manner as to be flaunting the bankruptcy system.[1] This Court holds that the Debtors' conduct in this case is not inconsistent with the purposes of the Bankruptcy Code, that being to provide a fresh start to those in need.

### III.

### CONCLUSION

For the above stated reasons, this Court denies the United States Trustee's Motion to Dismiss. The Motion to Dismiss under § 707(b) is time-barred by Fed. R. Bankr.P. 1017(e) and the Trustee has failed to present any facts which support a cause of action under § 707(a).

---

**1.** In other circuits, a showing of bad faith is insufficient for a § 707(a) dismissal. *See, e.g., Neary v. Padilla (In re Padilla)* 222 F.3d 1184 (9th Cir.2000)(bad faith as a general proposition does not provide "cause" to dismiss a chapter 7 petition under § 707(a)); *Huckfeldt v.Huckfeldt (In re Huckfeldt),* 39 F.3d 829, 832 (8th Cir.1994)(stating that while some con-

duct giving rise to dismissal under § 707(a) can be characterized as bad faith, the issue is properly whether the petition should be dismissed "for cause"); *In re Etcheverry,* 242 B.R. 503 (D.Colo.1999); *In re Landes,* 195 B.R. 855 (Bankr.E.D.Pa.1996); *In re Latimer,* 82 B.R. 354 (Bankr.E.D.Pa.1988).