OPINION OF THE COURT
DUHÉ, Circuit Judge:
We AFFIRM the decision of the district court affirming the bankruptcy court’s dismissal of Ronald M. Tamecki’s (“Debtor”) Chapter 7 petition.
BACKGROUND
Debtor filed for Chapter 7 protection seeking discharge of an approximately $35,000 credit card debt owed to MBNA America. He possesses only one substantial asset, his share of a tenancy by the entirety in his home, which he holds with his estranged wife. Debtor and his wife have accrued over $100,000 of equity in the home.
The Tameckis had been separated for approximately five years at the time Debt- or filed for bankruptcy, and they have now been separated for more than seven years. Debtor and his wife live in different towns, and each lives with a significant other. Mrs. Tamecki filed for divorce in July 1993 but, for unknown reasons, the action is still pending. The most recent trial date was continued either on joint motion of the parties or without objection by the Debtor.
In his petition Debtor claimed an exemption under Section 522(b)(2)(B) of the Bankruptcy Code on his share of the home equity. See 11 U.S.C. § 522(b)(2)(B). The trustee in bankruptcy (“Trustee”) challenged this election and sought dismissal of Debtor’s petition for “lack of good faith” under Section 707(a) of the Code. See 11 U.S.C. § 707(a). According to Trustee, Debtor’s divorce is “right around the corner”; and, thus, Debtor will soon be entitled to his unencumbered share of the dissolved tenancy by the entirety. The Trustee estimates that this would be approximately $50,000, an amount sufficient to cover Debtor’s obligations and still leave him with enough money for a “fresh start.” Accordingly, the Trustee reasoned that Debtor acted in bad faith in filing his *207 petition knowing that he would soon be in a position to repay his debts. The bankruptcy court found that Debtor had failed to prove his good faith in filing for bankruptcy and dismissed the Debtor’s petition under Section 707(a). The district court affirmed.
DISCUSSION
Section 707(a) allows a bankruptcy court to dismiss a petition for cause if the petitioner fails to demonstrate his good faith in filing. See In re Zick, 931 F.2d 1124, 1126-27 (6th Cir.1991), In re Marks, 174 B.R. 37, 40 (E.D.Pa.1994). Although the Code does not define “good faith,” courts in this circuit have uniformly held that “[a]t the very least, good faith requires a showing of honest intention.” See Marks, 174 B.R. at 40. Courts have cautioned, however, that:
Dismissal based on lack of good faith ... should be confined carefully and is generally utilized only in those egregious cases that entail concealed or misrepresented assets and/or sources of income, lavish lifestyles, and intention to avoid a large single debt based upon conduct akin to fraud, misconduct or gross negligence.
Zick, 931 F.2d at 1129. Courts can determine good faith only on an ad hoc basis and must decide whether the petitioner has abused the provisions, purpose, or spirit of bankruptcy law. See Marks, 174 B.R. at 40. The parties agree that the decision to dismiss a petition for lack of good faith rests within the sound discretion of the bankruptcy court. See Zick, 931 F.2d at 1126, In re Atlas Supply Corp., 857 F.2d 1061, 1063 (5th Cir.1988).
Once a party calls into question a petitioner’s good faith, the burden shifts to the petitioner to prove his good faith. See Marks, 174 B.R. at 40 citing In re Sky Group Int'l, Inc., 108 B.R. 86, 90 (Bankr.W.D.Pa.1989) (“Once the good faith issue is placed in question, the party bringing the petition has the burden of proving that the petition was brought in good faith.”). The bankruptcy court found that Debtor failed to meet this burden. We agree.
Debtor testified that he accrued over $35,000 in debt at a time when he was earning less than one-tenth this amount. Debtor could point to no marked calamity or sudden loss of income that precipitated his need to accrue such a comparatively large consumer debt. Moreover, Debtor’s testimony concerning the state of his marriage confirmed the Trustee’s assertion that divorce and dissolution of the tenancy by the entirety were “right around the corner.”[1] The district court did not abuse its discretion in determining that together these facts are sufficient to shift the burden to Debtor to prove his .good faith.[2]
Debtor’s response was threefold: first, that the Trustee must prove “extreme misconduct”; second, that ability to repay is not, in and of itself, evidence of bad faith, see Marks, 174 B.R. at 41 and third; that he did no more than avail himself of a proper exception under the Code. While we agree with Debtor and the *208 court in Zick that we should not lightly infer bad faith, Debtor’s response is insufficient to carry his burden of proving good faith. Debtor proffered no evidence of good faith other than his testimony that he accrued his debt for subsistence purposes, intended to repay the debt, and that he loved his wife and would take her back “in a heartbeat.” The bankruptcy court chose to discount this self-serving testimony and instead relied upon evidence that Debtor acquired a comparatively large consumer debt just prior to filing for bankruptcy and during the pendency of his divorce. While Debtor is correct that ability to repay is not in and of itself sufficient proof of bad faith, both the reasonableness of his accrual of the debt and the timing of his filing, particularly in relation to the curious and unexplained circumstances relating to the divorce proceeding, were sufficiently questionable to warrant good faith scrutiny. Debtor’s assertion that the Code permits him to take the entireties exemption simply begs the question and does not address whether he availed himself of that provision in good faith. Ultimately, we find no error in the bankruptcy court’s ruling that Debtor failed to prove his good faith.
AFFIRMED.

. Tamecki's testimony confirms that he and his wife are estranged. They have been separated for seven years. They live in separate towns, each with a new significant other. A divorce proceeding has been pending since 1993. They have not sought counseling, nor is there any indication that either party has made overtures toward a reconciliation. No explanation for the delay in finalizing the divorce has been provided. Accordingly, we see no error in the bankruptcy court’s apparent discounting of Tamecki's self-serving testimony that he would take his wife back "in a heartbeat.” That may be true, but there is no evidence that her return is either imminent or likely.

. We do not suggest, as the Dissent indicates, that "consumer debtors [must] affirmatively demonstrate good faith absent any challenge,” or that "dismissal is appropriate anytime the debtor fails to affirmatively demonstrate his good faith.” We hold merely that in this case where the trustee has called into question debtor’s good faith, and put on evidence sufficient to impugn that good faith, the burden then shifts to the debtor to prove his good faith.