

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-19-2002

# Shinko v. Miele

Precedential or Non-Precedential:

Docket 1-3179

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Shinko v. Miele" (2002). *2002 Decisions.* Paper 191.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/191

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


Nos. 01-3179 / 01-3180


JAYNE SHINKO,

Appellant No. 01-3179

v.

WILLIAM MIELE, Chief; WILLIAM MIELE, P.C.;
MERRILL LYNCH
_____

JAYNE SHINKO,

Appellant No. 01-3180

v.

WILLIAM MIELE RENTALS


ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE
DISTRICT OF PENNSYLVANIA

(Dist. Court No. 01-CV-00765 / Dist. Court No. 01-CV-00766)
District Court Judge: Honorable Malcolm Muir


Submitted Under Third Circuit LAR 34.1(a)
March 4, 2002

Before: ALITO, RENDELL, and HALL, Circuit Judges

(Opinion Filed:March 19, 2002 )


OPINION OF THE COURT


PER CURIAM:

This is an appeal from a District Court Order affirming the Bankruptcy Court's dismissal of Appellant's Involuntary Chapter 7 Petition and imposition of sanctions against Appellant. Because we write for the parties only, the background of the case need not be set out.

The Bankruptcy Court properly dismissed the appellant's involuntary bankruptcy petitions against The Law Center and Shinko-Miele Rentals because the appellant's petitions did not satisfy the statutory requirements and because the petitions were filed in bad faith. The Bankruptcy Court found that the only debt alleged in the petitions was one alleged by the appellant that she had reason to know was the subject of a bona fide dispute.

According to the relevant portion of 11 U.S.C. 303(b), "[a]n involuntary case against a person is commenced by the filing with the bankruptcy court of a petition under chapter 7 . . . by . . . a holder of a claim against such person that is not . . . the subject of a bona fide dispute." 11 U.S.C. 303(b) (emphasis added). The Bankruptcy Court correctly concluded that the alleged claim was clearly the subject of a bona fide dispute, one that had been seriously contested in many rounds of state court litigation. Because of this conclusion, the Bankruptcy Court properly dismissed the involuntary petition under 11 U.S.C. 303(h).

Moreover, the Bankruptcy Court was similarly justified in dismissing the petition under this Circuit's case law permitting dismissal when petitions are filed in bad faith, which was specifically found in this case. See In re Tamecki, 229 F.3d 205 (3d Cir. 2000); In re SGL Carbon Corp., 200 F.3d 154 (3d Cir. 1999); In re Lilley, 91 F.3d 491 (3d Cir. 1996).

Finally, the Bankruptcy Court properly exercised its discretion to impose reasonable attorney's fees and costs under 11 U.S.C. 303(i)(1) and punitive damages under 11 U.S.C. 303(i)(2).

We have considered all of the appellant's arguments and see no basis for reversal. The judgment of the District Court is therefore affirmed.