In re Richard F. CARBAUGH, Debtor.

No. 02–38220 HDH–7.

United States Bankruptcy Court,
N.D. Texas,
Dallas Division.

June 3, 2003.

Robert H. Rennecker, Dallas, TX, for Debtor.

St. Clair Newbern, III, Fort Worth, TX, for Dona M. Carbaugh.

## MEMORANDUM OPINION

HARLIN D. HALE, Bankruptcy Judge.

This case presents the issue of whether "bad faith" may be "cause" under Bankruptcy Code § 707(a) for dismissal of a Chapter 7 case. In addition, if cause includes bad faith, does bad faith exist in the present case to mandate dismissal?

After reviewing the evidence, arguments, briefs, and existing case law, the Court determines that, in the Fifth Circuit, cause for dismissal under § 707(a) includes bad faith. However, in the present case, the evidence does not establish sufficient grounds for dismissal. Accordingly, the motion to dismiss is denied.

### Facts

Richard F. Carbaugh ("Debtor") filed the instant case on or about September 20, 2002. Prior to the bankruptcy case, Debtor was involved in heated litigation in state court in Fort Worth, Texas, with his former spouse, Dona M. Carbaugh ("Dona Carbaugh"). On the date of the bankruptcy petition, the Debtor was subject to a turnover order and the possibility of being held in contempt by the state court judge.

After this bankruptcy case was filed, Dona Carbaugh filed a motion to dismiss, alleging that the bankruptcy case should be dismissed because, *inter alia*, Debtor filed bankruptcy to avoid the sanctions of the state court, Debtor continued to pay

creditors other than Dona Carbaugh, and Debtor had engaged in a series of fraudulent transfers to his present wife. In briefs and in argument, counsel for Dona Carbaugh categorized such alleged conduct as "bad faith."

The Debtor argues that no district court in Texas or the Fifth Circuit has adopted the Movant's argument that bad faith may be cause for dismissal under § 707(a). (*See generally* Br. in Supp. of Debtor's Resp. to Mot. to Dismiss at 4–5.)

### Section 707

■ Bankruptcy Code § 707 governs the dismissal of Chapter 7 cases. That provision contains two subsections. Section 707(a), applicable to the instant case, provides that a Chapter 7 case may be dismissed only after 1) notice and hearing and 2) only for *cause*. Under § 707(b), the Court may dismiss an individual debtor's case, which has primarily consumer debts, if granting relief to the Debtor would amount to a "substantial abuse" of the Bankruptcy Code.

■ A § 707(b) motion may only be brought *sua sponte* by the Court or by the Trustee, and not by a creditor. The United States Trustee has not made a § 707(b) motion in this case and the Court is not inclined to dismiss *sua sponte*. Thus, § 707(b) is not applicable to this case.

### Cause Under § 707(a)

■ A dismissal under Bankruptcy Code § 707(a) requires a finding of "cause." Cause *includes* (1) unreasonable delay, (2) non-payment of fees, and (3) failure of the debtor to meet the filing requirements of information regarding creditors, assets, liabilities, and the like. 11 U.S.C. § 707(a). According to the legislative history, the debtor's ability to pay his debts, in whole or in part, is not adequate cause for dismissal. *See* H.R. REP. No. 95–595, at 380 (1977), *reprinted in*

1978 U.S.S.C.A.N. 5963, 6336; S. REP. No. 95–989, at 94 (1978), *reprinted in* 1978 U.S.S.C.A.N. 5787, 5880. *See also In re Tamecki*, 229 F.3d 205, 207 (3rd Cir.2000); *In re Keobapha*, 279 B.R. 49, 52–3 (Bankr. D.Conn.2002).

■ Congress, commentators, and courts have made clear that the list of what constitutes cause under § 707(a) is illustrative, not exhaustive. *See* H.R. REP. No. 95–595, at 380 (1977), *reprinted in* 1978 U.S.S.C.A.N. 5963, 6336; S. REP. No. 95–989, at 94 (1978), *reprinted in* 1978 U.S.S.C.A.N. 5787, 5880; 3 WILLIAM M. NORTON, JR., NORTON BANKRUPTCY LAW & PRACTICE § 67.4 (2d ed.2002); *Matter of Atlas Supply Corp.*, 857 F.2d 1061, 1063 (5th Cir.1988); *In re Solomon*, 277 B.R. 706, 707 (Bankr.E.D.Tex.2002). In fact, the Bankruptcy Code also speaks as to the scope of the word "including" used in § 707(a). Section 102 of the Bankruptcy Code states that the words "includes" and "including" are not limiting. 11 U.S.C. § 102(3).

### Bad Faith Filing as Cause for Dismissal

Several courts have held that a lack of good faith is cause for dismissal. *In re Tamecki*, 229 F.3d 205 (3rd Cir.2000); *In re Zick*, 931 F.2d 1124 (6th Cir.1991); *In re Miller*, 263 B.R. 183 (N.D.N.Y.2001). However, the issue is not settled because numerous courts have held to the contrary. *In re Padilla*, 222 F.3d 1184 (9th Cir. 2000); *In re Huckfeldt*, 39 F.3d 829 (8th Cir.1994)(holding that although courts have inherent power to dismiss bad faith litigant, § 707(a) does not provide basis for dismissal on grounds of bad faith filing); *In re Etcheverry*, 242 B.R. 503, 506 (D.Colo.1999).

### Bad Faith in the Fifth Circuit

■ After carefully reviewing precedent in this Circuit, the Court determines

that a finding of bad faith can be cause for dismissal of a Chapter 7 case under Bankruptcy Code § 707(a).

In 1986, the Fifth Circuit Court of Appeals clearly set out that good faith is required for the prosecution of a bankruptcy case. *See Matter of Little Creek Dev. Co.*, 779 F.2d 1068 (5th Cir.1986). According to the court,

> [b]ankruptcy is an equitable remedy whereby a debtor is clothed with the protection of an automatic stay, preventing his creditors from acting against him for a period of time, in order to facilitate rehabilitation or reorganization of his finances and to promote a "fresh start" through the orderly disposition of assets to satisfy his creditors.... Every bankruptcy statute since 1898 has incorporated literally, or by judicial interpretation, a standard of good faith for the commencement, prosecution, and confirmation of bankruptcy proceedings.... Such a standard furthers the balancing process between the interests of debtors and creditors which characterizes so many provisions of the bankruptcy laws and is necessary to legitimize the delay and costs imposed upon parties to a bankruptcy. Requirement of good faith prevents abuse of the bankruptcy process by debtors whose overriding motive is to delay creditors without benefitting them in any way or to achieve reprehensible purposes. Moreover, a good faith standard protects the jurisdictional integrity of the bankruptcy courts by rendering their powerful equitable weapons (i.e., avoidance of liens, discharge of debts, marshaling and turnover of assets) available only to those debtors and creditors with "clean hands."

*Id.* at 1071–72 (citations omitted).

While some cases have attempted to distinguish dismissal of Chapter 7 cases from dismissal of Chapter 11 reorganizations, *see, e.g., In re Padilla*, 222 F.3d 1184 (9th Cir.2000), *Little Creek* does not appear to do so. For example, the appellate panel pointed out the equitable nature of the remedy of bankruptcy and the goal of the fresh start policy through the orderly disposition of assets to satisfy creditors. *See id.* at 1071–72. Fresh start and orderly liquidation of assets are ordinarily components of Chapter 7 cases.

Further, the Court in *Little Creek* noted that every bankruptcy statute since 1898 has, expressly or by judicial interpretation, incorporated a standard of good faith for the commencement of a bankruptcy case. Presumably, "every" means every and would apply to Chapter 7 cases and in particular to § 707(a), as well as the reorganization at issue in *Little Creek*.

As one court recently reasoned, "[d]ismissal for bad faith filing serves an important role as a sanction against debtors and their counsel consistent with the purpose and spirit of the Bankruptcy Code aimed a providing a discharge only to the 'honest but unfortunate' debtor." *In re Blumenberg*, 263 B.R. 704, 716 (Bankr.E.D.N.Y. 2001).

The Court's conclusion that bad faith may be cause for dismissal of a Chapter 7 is buttressed by a rather candid and recent concurring opinion by the author of *Little Creek*. Approximately one month before the hearing on the instant matter, Circuit Judge Edith Jones expressed concern about a Chapter 7 debtor's resort to bankruptcy in *In re Barron*, 325 F.3d 690 (5th Cir.2003).

> But what definitely *should* have been anticipated was the needless cost in time and administrative fees generated by [debtor's] bad-faith resort to bankruptcy

in the first place. *See* 11 U.S.C. § 707(a) (court may dismiss a case "for cause"). She had assets. He is wealthy. She or her husband could pay the attorneys for their mutual misstep into divorce court. This case is a prime example of how bankruptcy is misused. *In re Barron*, 325 F.3d at 695 (Jones, E., concurring).

The determination that bad faith may be cause for dismissal, under Bankruptcy Code § 707(a), also finds support in opinions from other Courts of Appeal. In one of the seminal Circuit Court cases on the issue, the Sixth Circuit Court of Appeals found that good faith is an implied jurisdictional prerequisite to obtaining relief in bankruptcy. *Industrial Ins. Servs., Inc. v. Zick (In re Zick)*, 931 F.2d 1124, 1129 (6th Cir.1991). The *Zick* court affirmed the dismissal of a debtor's Chapter 7 case as a bad faith filing pursuant to § 707(a). Similarly, in *In re Tamecki*, 229 F.3d 205 (3rd Cir.2000), the Third Circuit affirmed the dismissal of a Chapter 7 proceeding for a debtor's lack of good faith.

 Nevertheless, these cases, and the limited authority in the Fifth Circuit, suggest that the facts have to be extraordinary to justify the dismissal of a Chapter 7 liquidation case for bad faith. Dismissal for lack of good faith

> should be confined carefully and is generally utilized only in those egregious cases that entail concealed or misrepresented assets and/or sources of income, and excessive and continued expenditures, lavish lifestyle, and intention to avoid a large single debt based on conduct akin to fraud, misconduct, or gross negligence.

*Industrial Ins. Servs., Inc. v. Zick (In re Zick)*, 931 F.2d 1124, 1129 (6th Cir.1991). *See also Matter of Little Creek Dev. Co.*, 779 F.2d 1068, 1073 (5th Cir.1986) (egregious conduct required). Neither the Bankruptcy Code nor its legislative history define "good faith." A finding of good faith "depends largely upon the bankruptcy court's on-the-spot evaluation of the debtor's financial condition, motives, and the local financial realities ... and are based on a conglomerate of factors rather than on any single datum." *Little Creek*, 779 F.2d at 1072.

 The decision to dismiss Debtor's petition for lack of good faith rests within the discretion of the Court. *In re Atlas Supply Corp.*, 857 F.2d 1061, 1063 (5th Cir.1988). "Once a party calls into question a petitioner's good faith, the burden shifts to the petitioner to prove his good faith." *Tamecki*, 229 F.3d at 207.

### The Instant Case

 In the instant case, Debtor and Dona Carbaugh have been engaged in lengthy, costly litigation in state court. Debtor testified at a Rule 2004 exam that a primary reason for filing his Chapter 7 was to avoid such litigation. Debtor also testified that he sought an end to increasing attorney fee awards against him in state court for Dona Carbaugh's attorney's fees, and also to limit his own mounting attorney fees.

The record also reflects the following facts. Debtor's present wife is seriously ill and her care requires Debtor's time or a full-time sitter. Debtor's income has been reduced due to the time and attention his wife's illness requires and due to the state of the general economy. Debtor has other creditors. *Cf. Little Creek*, 779 F.2d 1068. The case is not a single creditor fight, though before the bankruptcy, the dispute with Dona Carbaugh occupied much of the Debtor's time.

In most respects, Debtor fits the profile of the average individual Chapter 7 debtor. He has marital problems and divorce liti-

gation, his family has experienced and is still experiencing health problems with attendant expenses, and his income has suffered a downturn. The Debtor made transfers of his and a company's assets, but, if avoidable, those transfers may be set aside by the Chapter 7 Trustee for the benefit of all creditors. The fraudulent transfers, if any, alone will not suffice to establish bad faith filing.

The instant proceeding is not close to the *Barron*[1] case, where the debtor was wealthy and had used Chapter 7 in an attempt to "stiff" the lawyers involved in a divorce proceeding. The instant Debtor's present assets appear to be marginal and his prospects uncertain.

In her case for dismissal, Dona Carbaugh has raised a number of grounds relied upon typically in adversary proceedings relating to issues of discharge and dischargeability. She has filed a separate action raising such issues. Given the above facts, the Court concludes that Debtor showed his filing was made in good faith and Dona Carbaugh did not show "bad faith" sufficient to dismiss this case under § 707(a).

---

**1.** *In re Barron,* 325 F.3d 690 (5th Cir.2003).