# In the

# United States Court of Appeals

## For the Seventh Circuit

_____

Nos. 03-3019, 03-3042 & 03-3149

IN RE: HEARTLAND STEEL, INC.,

*Debtor*,

SIEMENS ENERGY & AUTOMATION INC., BASCON,
INC., and VOEST-ALPINE INDUSTRIES, INC.,

*Appellants*,

v.

MARGARET M. GOOD, Liquidating Agent for
Heartland Steel, Inc. Liquidation Trust,

*Appellee.*

_____

Appeals from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. 1:02-cv-01252-LJM-WTL—**Larry J. McKinney**, *Chief Judge.*

_____

ARGUED MARCH 29, 2004—DECIDED NOVEMBER 22, 2004

_____


Before CUDAHY, ROVNER, and WOOD, *Circuit Judges.*

ROVNER, *Circuit Judge.* The facts of the underlying bankruptcy action in this matter are complex, but only the most basic facts are necessary for purposes of this appeal of a deadline dispute. In resolution of Chapter 11 bankruptcy proceedings filed by debtor Heartland Steel, Inc., the

bankruptcy court below issued an order ("confirmation order") confirming the liquidation plan ("plan") of the debtor. According to the terms of the plan, a liquidating agent— the subsequently appointed Margaret M. Good—would be responsible for among other things, filing objections to claims made by creditors. Three of those claims were filed by Siemens Energy & Automation, Inc., Bascon Inc., and Voest-Alpine Industries, Inc.—all of whom had perfected statutory mechanic's liens against the debtor's steel mill facility. (Collectively, we will refer to the claimants as "mechanic's lien claimants"). The liquidating agent filed objections to all three of these claims. The sole issue presented in this appeal is whether the liquidating agent's objections were timely filed.

The answer to that question hinges on Section 10.1 of the plan which prescribes the time limit for filing objections to claims and states as follows:[1]

> Time Limit for Objections to Claims.
>
> Objections to Claims . . . shall be filed by the Liquidation Trustee (subject to the approval of the Steering Committee) with the Court and served on each holder of each of the Claims to which objections are made not later than ninety (90) days after the Effective Date, or within such time period as may be fixed by the Court.

(R. at 3, Doc. No. 414, p.27). Both parties agree that the plan became effective on Monday, December 10, 2001. The ninetieth day after the effective date, therefore, fell on Sunday, March 10, 2002. The liquidating agent mailed her objections to the mechanic's lien claimants and to the bank-

---

[1] The plan uses the term Liquidation Trustee rather than liquidating agent.

ruptcy court on Thursday, March 7, 2002, and the court received and filed those objections on Monday, March 11, 2002—the ninety-first day after the effective date, but the first business day after the Sunday deadline.

The liquidating agent argues that she timely filed her objections first and foremost because Federal Bankruptcy Rule 9006(a) automatically extended the Sunday filing to the next business day. Rule 9006 (a) states:

> In computing any period of time prescribed or allowed by these rules or by the Federal Rules of Civil Procedure made applicable by these rules, by the local rules, by order of court, or by any applicable statute, . . . [t]he last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday . . . in which event the period runs until the end of the next day which is not one of the aforementioned days.

Fed. R. Bank. 9006(a). The March 10 deadline, she argues, was prescribed and allowed by the bankruptcy court's confirmation order and thus squarely fell within 9006(a)'s coverage.

Alternatively, the liquidating agent argues that Section 7.15 of the plan which automatically extends all Saturday, Sunday, and bank holiday "transaction" deadlines to the next "business day" applies to the claim objection filing deadline in this case. Section 7.15 reads as follows:

> Transactions on Business Days.
>
> If the Distribution Date, or any other date on which a transaction may occur under the Plan, shall occur on a day that is not a Business Day, the transaction contemplated by the Plan to occur on such day shall instead incur on the next succeeding Business Day.

(R. at 3, Doc. No. 414, p.26). "Business Days" are defined in the plan as "any day except Saturday, Sunday, or any day

on which commercial banks in the State of Indiana are authorized by law to be closed." *Id.* at p.3.

The mechanic's lien claimants, on the other hand, assert that a confirmed plan of reorganization is akin to a private contract between two parties, and as such the deadlines are not subject to 9006(a) or other procedural rules of the court, but rather should be read as written. In other words, the ninetieth day means the ninetieth day; no automatic extensions apply. To the extent there is any ambiguity, they argue, the terms should be interpreted according to Indiana contract law, which they maintain does not automatically extend Sunday filing dates to Monday. Finally, they deny that Section 7.15's reference to "transactions" applies to court filings such as the claim objection filing at issue here.

The bankruptcy court held that Bankruptcy Rule 9006(a) did not apply to the filing of objections to claims in this case "because the deadline for filing objections to claims is set forth in the Plan, which is an agreement between the Debtor and its pre-confirmation creditors, and not a 'period of time prescribed or allowed'" by the court. (R. at 3, Doc. 557, p.8). It also held that the filing of an objection to a claim is not a "transaction" to which Section 7.15 of the plan applies. *Id.* at p.10. The district court reversed the bankruptcy court's holding regarding the reach of Bankruptcy Rule 9006(a), reasoning that a plan is neither pure contract or court order, and although it can be interpreted like a contract, "the filing deadlines contained therein are subject to the same rules of procedure as other filing deadlines." *In re Heartland Steel*, No. IP 02-1252-C-M/F, 2003 WL 21508233, at *4 (S.D. Ind. June 26, 2003) (R. at 27, p.7-8). Consequently, the district court found that the liquidating agent timely filed the claim objections and that it need not, therefore, consider the liquidating agent's argument regarding Section 7.15 of the plan and the definition of a "transaction." We agree with the district court and affirm.

This court, like the district court, reviews the bankruptcy court's findings of fact for clear error and its legal conclusions *de novo. In re Midway Airlines*, 383 F.3d 663, 668 (7th Cir. 2004).

As noted above, the mechanic's lien claimants reason that a confirmed plan of reorganization is akin to a private contract between two parties, and since the parties negotiated about and agreed to the deadlines contained therein, they must be held to the plain terms of that agreement. Accordingly, objections filed after the 90th day—a requirement set by the clear language of the plan—are not timely filed. Rule 9006(a), they argue, simply does not apply to a private contract such as a plan of liquidation. The liquidating agent, on the other hand, urges us to view the plan as a creature more akin to a consent decree—that is, a document that contains time limits prescribed by an order of a court, and therefore is subject to the deadline lengthening rule of 9006(a). The argument, it seems at first glance, boils down to a classification question: private contract versus court order.

Each party can find support for its proposition. In *Ernst & Young LLP v. Baker O'Neal Holdings, Inc.*, 304 F.3d 753, 755 (7th Cir. 2002), we stated that "[a] confirmed plan of reorganization is in effect a contract between the parties and the terms of the plan describe their rights and obligations." But in *In re Harvey*, 213 F.3d 318, 321 (7th Cir. 2000), we pointed out that a confirmed plan is analogous to a consent decree and like other court orders (but unlike private contracts), is given preclusive effect. The appellants ask us to view the plan and confirmation order as distinct and separate entities and to regard the latter but not the former as a court order subject to the provisions of 9006(a). When a court enters the confirmation order, however, it is passing judgment on the plan itself, giving effect to every provision of that plan and, in essence, incorporating by reference the entirety of the plan into the judgment. *Cf. In*

*re Matter of Weber*, 25 F.3d 413, 416 (7th Cir. 1994) (noting that by confirming a plan, a reorganization court passes judgment on the terms of that plan).[2] In essence then, all of the provisions of the plan are "prescribed or allowed" by the confirmation order of the court, thus meeting the prerequisite of Bankruptcy Rule 9006(a).

The conclusions of *Ernst and Young* and *In re Harvey* are not necessarily incompatible. The broad rule of contract interpretation asserted in *Ernst and Young* is uncontroversial and practical: when faced with ambiguous language in a document drafted by private parties (that is, a document that looks like a contract), one should apply the ordinary rules of contract construction. In this case, however, the plan language is not ambiguous. Both parties agree that the objections were to be filed within ninety days of the effective date of the plan. The parties also would agree that, had that same deadline language been included in the bankruptcy court's confirmation order rather than in the

---

[2] *But see In re Ampace Corp.*, 279 B.R. 145, 152 (Bankr. D. Del. 2002) (finding that plan was not incorporated by reference into the confirmation order where the only reference the order made to the plan was to note that a copy of the plan was attached.) The district court below disagreed with the *Ampace* court's conclusion on this point, as do we. In any case, we do not think *Ampace* is an otherwise helpful case in answering whether Bankruptcy Rule 9006(a) extends the Sunday deadline of a confirmation plan to Monday. *Ampace* did not address the automatic extension of 9006(a), but instead confronted the tensions between Bankruptcy Rule 9006(b)—allowing a court to enlarge a period of time with or without motion and notice—and 11 U.S.C. § 1127(b) which allows modification of a plan only after notice and a hearing. *Id.* at 151. The liquidating trustee in that case had asked the court for a series of extensions totaling nearly eight months—a modification that the court considered substantive and material enough to constitute a modification under § 1127(b) and thus not subject to the terms of 9006(b).

liquidation plan, Rule 9006(a) would have undoubtedly applied and extended the Sunday deadline to the next business day. The question then is not what rules of interpretation to apply to ambiguous language in a plan, but rather the overlay, if any, between rules of court procedure and liquidation plans. Specifically, the question is whether the bankruptcy rules which extend deadlines for court ordered prescriptions of time apply to confirmed bankruptcy plans. Cases that discuss resolution of ambiguous plan language, therefore, are not helpful to resolution of the peculiar question posed in this case. Neither is it necessary to classify the document at issue here as pure contract or pure court order. What *is* important, it seems, is to determine the purpose and effect of the deadline language at issue. Since the controverted deadline language in the plan indicates the time for filing documents with the court, the reasonable interpretation would be to look to the procedural rules of the court. After all, these rules have been set by the court in part for its convenience in receiving filings.

Furthermore, we agree with the cogent reasoning of the district court judge who concluded that, "[w]ithout the Bankruptcy Court's confirmation order, there would be no period of time to compute. It is the confirmation order that gives effect to all terms, substantive and procedural, in the Plan, and thus *prescribes* or *allows* them." *In re Heartland Steel*, 2003 WL 21508233, at *4 (R. at 27, p.7) (emphasis in original). And once a plan is confirmed, as the district court reminds us, it may be modified only when the court confirms the modification. 11 U.S.C. § 1127(b). In contrast, a court's approval is not needed for a private contract. In short, a plan is not simply a private contract subject only to rules of contract interpretation (though indeed it may be contract-like for some purposes). It is an agreement whose every provision has been approved and therefore activated by court order. We decline, therefore, to rely solely on Indiana contract law to resolve the dispute in this case, and

consequently, we need not determine whether Indiana contract law would automatically extend the Sunday filing deadline to the following Monday.

By holding that Bankruptcy Rule 9006(a) applies to extend the deadlines in Section 10.1 of this particular liquidation plan, we do not mean to imply that two or more parties could never draft language to avoid the automatic rollover provision created by Rule 9006(a). They simply have not done so in this case. The mechanic's lien claimants point to Section 13.11 of the plan as evidence that they did indeed intend for Indiana contract law rather than the procedural rules of the bankruptcy court to apply. Section 13.11 of the plan, however, begs rather than answers the underlying question in this appeal. Section 13.11 states: "Except to the extent that the Bankruptcy Code is applicable, the rights and obligations arising under this Plan shall be governed by, and construed and enforced in accordance with the laws of the State of Indiana." (R. at 3, Doc. No. 414, p.37). The problem for the mechanic's lien claimants is that the bankruptcy code is indeed applicable to the deadline for filing claims objections. The Federal Rule of Bankruptcy Procedure extending the deadline to Monday therefore will apply and not the laws of the State of Indiana.

Finally, the mechanic's lien claimants also argue that the liquidating agent could have filed her objections on Sunday pursuant to a rule from the Procedural Guide for the United States Bankruptcy Court for the Southern District of Indiana which states:

> When exigent circumstances exist and counsel needs to file paper outside of normal working hours, advance contact should be made with the Bankruptcy Clerk's Office during normal business hours to arrange after hours filings . . . . In any event, reasonable efforts will be made to accommodate extraordinary needs of this nature.

Procedural Guide of the U.S. Bank. Ct. S. Dist. Ind. at 3. Neither the liquidating agent nor the mechanic's lien claimants could point to any exigent circumstances or extraordinary needs that would have justified a Sunday filing.[3] Nor can we identify any. And of course the court makes no guarantees that such a filing can be accommodated even in the face of such needs. *Id.* In any event, the liquidating agent had no need to test the bounds of the bankruptcy court's accommodations, as Rule 9006(a) did indeed afford her the right to file a timely objection on Monday.

Because we conclude that Federal Bankruptcy Rule 9006(a) extended the Sunday deadline to Monday, we need not determine whether Section 7.15 of the plan would have done the same. We conclude that the liquidating agent timely filed her objections to the mechanic's lien claimants' claims.

AFFIRMED

---

[3] The liquidating agent explains only that "a secretary had mailed the objections from Indianapolis to the Terre Haute Division" on Thursday March 7. Brief of Appellee at 2 n.3.

A true Copy:

     Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*