**UNITED STATES Trustee, Plaintiff,**

v.

**Roy G. PEDIGO, Defendant.**

**No. 4:03–CV–74SEBWGH.**

United States District Court,
S.D. Indiana,
New Albany Division.

Jan. 13, 2005.

Kevin P. Dempsey, Asst US Trustee, Office of the US Trustee, Indianapolis, IN, for Plaintiff.

David C. Ollis, New Albany, IN, for Defendant.

***ORDER ON APPEAL FROM BANKRUPTCY COURT'S ORDER DENYING THE UNITED STATES TRUSTEE'S MOTION TO DISMISS PURSUANT TO 11 U.S.C. § 707(a)***

BARKER, District Judge.

Before the Court is the United States Trustee's ("Trustee") appeal of the bankruptcy court's order denying the Trustee's motion to dismiss Roy G. Pedigo's Chapter 7 bankruptcy petition. The sole issue on appeal is a strictly legal one: May the debtor's bad faith in filing a Chapter 7 petition constitute cause for dismissal pursuant to 11 U.S.C. § 707(a)? The bankruptcy court held that it could not, and therefore denied the Trustee's motion to dismiss. For the reasons set forth below, we **REVERSE** that decision and **REMAND** the case to the bankruptcy court for further proceedings.

We review the bankruptcy court's legal conclusions de novo. *In re Heartland Steel, Inc.,* 389 F.3d 741, 743–44 (7th Cir.2004). The statute at issue reads as follows:

(a) The court may dismiss a case under this chapter only after notice and a hearing and only for cause, including-

(1) unreasonable delay by the debtor that is prejudicial to creditors;

(2) nonpayment of any fees or charges required under chapter 123 of title 28; and

(3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521, but only on a motion by the United States trustee.

11 U.S.C. § 707(a). As noted by the bankruptcy court, the enumerated examples are not an exhaustive list of what constitutes "cause." The bankruptcy court concluded, however, that the enumerated examples serve to limit the type of conduct that may constitute cause for dismissal:

> The statutory language, being illustrative, serves to demonstrate the types of conduct which warrants dismissal. Because all of the cited examples of "cause" are of a technical or procedural nature, it seems logical to conclude that Congress drafted this provision to enforce the technical and procedural requirements of Chapter 7.

*In re Pedigo,* 296 B.R. 485, 487 (Bankr. S.D.Ind.2003). The bankruptcy court then held that the debtor's motives for filing for bankruptcy and whether the debtor otherwise acted in bad faith are irrelevant in the Chapter 7 context and are not the type of technical or procedural violations that may lead to dismissal for cause under § 707(a).

As the bankruptcy court acknowledged, this holding is inconsistent with the majority of cases that have considered the issue. The Third and Sixth Circuits have held that a debtor's bad faith can constitute cause for dismissal under § 707(a). *See In re Tamecki,* 229 F.3d 205, 207 (3rd Cir. 2000) ("Section 707(a) allows a bankruptcy court to dismiss a petition for cause if the petitioner fails to demonstrate his good faith in filing."); *In re Zick,* 931 F.2d 1124, 1127 (6th Cir.1991) ("We are persuaded that there is good authority for the principle that lack of good faith is a valid basis of decision in a 'for cause' dismissal by a bankruptcy court."). District and bankruptcy courts in other circuits have agreed. *See, e.g., McDow v. Smith,* 295 B.R. 69, 75 (E.D.Va.2003) ("[U]nder § 707(a), a debtor's bad faith acts or omissions may, in the totality of the circumstances, constitute cause for dismissal in the sound discretion of the bankruptcy court."); *In re American Telecom Corp.,* 304 B.R. 867, 869 (Bankr.N.D.Ill.2004) (noting that "the concept of 'cause' has been interpreted to include a lack of good faith in filing the bankruptcy petition" in Chapters 7, 11, and 13); *In re Horan,* 304 B.R. 42, 46 (Bankr. D.Conn.2004) (adopting "the 'bad faith' label as a term of art for a certain class (or classes) of circumstances (prepetition in whole or in part) which, when analyzed under Section 707(a), constitute 'cause' for dismissal"); *In re Carbaugh,* 299 B.R. 395, 397–98 (Bankr.N.D.Tex.2003) ("After carefully reviewing precedent in this Circuit, the Court determines that a finding of bad faith can be cause for dismissal of a Chapter 7 case under Bankruptcy Code § 707(a).") (citing *Matter of Little Creek Dev. Co.,* 779 F.2d 1068 (5th Cir.1986), for the proposition that "good faith is required for the prosecution of a bankruptcy case");[1] *In re Blumenberg,* 263 B.R. 704, 716 (Bankr.E.D.N.Y.2001) ("Dismissal for bad faith filing serves an important role as a sanction against debtors and their counsel consistent with the purpose and spirit

---

1. Indeed, the Fifth Circuit noted that "[e]very bankruptcy statute since 1898 has incorporated literally, or by judicial interpretation, a standard of good faith for the commencement, prosecution, and confirmation of bankruptcy proceedings." *Matter of Little Creek Development Co.,* 779 F.2d at 1071–72.

of the Bankruptcy Code aimed at providing a discharge only to the 'honest but unfortunate' debtor."); *In re Mastromarino,* 197 B.R. 171 (Bankr.D.Me.1996) ("Bad faith has long been recognized as a ground upon which a consumer debtor's voluntary resort to Chapter 7 relief might be thwarted."); *but see In re RIS Investment Group, Inc.,* 298 B.R. 848, (Bankr.S.D.Fla. 2003) (holding that there is no implicit good faith filing requirement under § 707(a)); *In re Etcheverry,* 242 B.R. 503, 504 (D.Colo.1999) (holding that § 707(a) "does not include an implicit good faith requirement in the context of the dismissal of Chapter 7 bankruptcy liquidation proceedings").

In another line of cases, the Eighth Circuit examined the issue and reasoned that while "some conduct constituting cause to dismiss a Chapter 7 petition may readily be characterized as bad faith ... framing the issue in terms of bad faith may tend to misdirect the inquiry away from the fundamental principles and purposes of Chapter 7." *In re Huckfeldt,* 39 F.3d 829, 832 (8th Cir.1994). Therefore, the court held that "the § 707(a) analysis is better conducted under the statutory standard, 'for cause,' [and i]f the bankruptcy court elects instead to act under the inherent judicial power to punish a bad faith litigant, that action should not be taken under § 707(a)." Similarly, in *In re Padilla,* 222 F.3d 1184, 1193 (9th Cir.2000), the Ninth Circuit "discarded the 'bad faith' label" in favor of simply determining whether the debtor's conduct constitutes "cause" for dismissal under § 707(a). *See also In re Riney,* 259 B.R. 217, 223 (Bankr.M.D.Fla.2001) (following the *Huckfeldt* approach, and holding that the "cause" determination "requires an analysis of whether the Debtor's motive and purposes are consistent with the purpose of Chapter 7"). Neither the Eighth or Ninth Circuits went as far as the bankruptcy court did here, however, in that

they did not hold that the debtor's motives in filing his Chapter 7 petition are irrelevant to the § 707(a) inquiry. Indeed, in *Huckfeldt* the court affirmed the dismissal for cause on the grounds that the debtor had "filed a Chapter 7 petition to frustrate the divorce court decree and to push his ex-wife into bankruptcy ... [and] then manipulated his immediate earnings to ensure that the Chapter 7 proceeding would achieve these non-economic motives." *Huckfeldt,* 39 F.3d at 832.

■ The Seventh Circuit has not addressed the meaning of "cause" in § 707(a); however, it has addressed the parallel provision in Chapter 13, which reads as follows:

(c) Except as provided in subsection (e) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including-

(1) unreasonable delay by the debtor that is prejudicial to creditors;

(2) nonpayment of any fees and charges required under chapter 123 of title 28;

(3) failure to file a plan timely under section 1321 of this title;

(4) failure to commence making timely payments under section 1326 of this title;

(5) denial of confirmation of a plan under section 1325 of this title and denial of a request made for additional time for filing another plan or a modification of a plan;

(6) material default by the debtor with respect to a term of a confirmed plan;

(7) revocation of the order of confirmation under section 1330 of this title, and denial of confirmation of a modified plan under section 1329 of this title;

(8) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan other than completion of payments under the plan;

(9) only on request of the United States trustee, failure of the debtor to file, within fifteen days, or such additional time as the court may allow, after the filing of the petition commencing such case, the information required by paragraph (1) of section 521; or

(10) only on request of the United States trustee, failure to timely file the information required by paragraph (2) of section 521.

11 U.S.C. § 1307(c). In spite of the fact that Chapter 13, like Chapter 7, "does not explicitly contain a good faith requirement for the filing of a petition," *In re Love,* 957 F.2d 1350, 1354 (7th Cir.1992), and the fact that 11 U.S.C. § 1307(c) does not include bad faith among its enumerated examples of "cause," the Seventh Circuit has consistently "read 11 U.S.C. § 1307(c), which provides for dismissal of a Chapter 13 provision 'for cause,' to include a dismissal premised on a debtor's bad faith in filing the petition." *In re Smith,* 286 F.3d 461, 465 (7th Cir.2002) (citing *In re Love,* 957 F.2d at 1354; *In re Smith,* 848 F.2d 813, 816 n. 3 (7th Cir.1988)). We see no reason to justify interpreting § 1307(c) as permitting dismissal for bad faith and interpreting the parallel provision of § 707(a) to reach the opposite result, especially in light of the "normal rule of statutory construction that identical words used in different parts of the same act are intended to have the same meaning." *Sullivan v. Stroop,* 496 U.S. 478, 484, 110 S.Ct. 2499,

110 L.Ed.2d 438 (1990) (citations and internal quotation marks omitted).

The Ninth Circuit recognized that it had interpreted "cause" to have different meanings in § 707(a) and § 1307(c), as well as in 11 U.S.C. § 1112(b), the parallel provision in Chapter 11, but reconciled that fact as follows:

The Bankruptcy Code specifically mentions good faith in Chapters 11 and 13 when it permits a court to confirm a payment plan only if it is proposed in good faith. No mention of good faith or bad faith is made in Chapter 7. Also, the post-filing debtor-creditor relationship is markedly different in liquidation and reorganization bankruptcies. Chapters 11 and 13, both reorganization chapters, permit the debtor to retain its assets and reorder its contractual obligations to its creditors. In return for these benefits, the debtor must approach its new relationship with the creditors in good faith. Chapter 7, a liquidation chapter, requires no ongoing relationship between the debtor and its creditors and should be available to any debtor willing to surrender all of its nonexempt assets, regardless of whether the debtor's motive in seeking such a remedy was grounded in good faith.

*In re Padilla,* 222 F.3d at 1193 (footnotes, citations and internal quotation marks omitted). However, the Seventh Circuit makes a clear distinction between the requirement that a Chapter 13 plan be filed in good faith pursuant to the express provision of 11 U.S.C. § 1325(a) and the fact that bad faith in filing a Chapter 13 petition can constitute cause for dismissal under § 1307(c):

The bankruptcy court is often called to make two separate good faith determinations in Chapter 13 proceedings. The first is the good faith determination at issue in this case: whether the debtor filed the Chapter 13 petition in good

faith. The second is whether a Chapter 13 plan, which lists projected debt and proposes a schedule of payment to creditors, is proposed in good faith. The finding of a lack of good faith in filing the petition under Section 1307(c) can lead to the dismissal and termination of the bankruptcy proceedings, as it did in this case, or it can lead to an order to convert the case and proceed under Chapter 7 of the Bankruptcy Code. 11 U.S.C.A. § 1307(c). The lack of good faith in the filing of the plan under Section 1325(a), on the other hand, does not always lead to such a harsh result. That is, Section 1325 outlines the terms for confirmation of a bankruptcy plan, not the terms for a dismissal of the Chapter 13 proceedings. 11 U.S.C.A. § 1325. Accordingly, a bankruptcy court's rejection of a plan for lack of good faith does not necessarily lead to dismissal or conversion. See 11 U.S.C.A. 1307(c)(4).

*In re Love*, 957 F.2d at 1354. The *Love* court further noted:

> [T]he wording of Sections 1325 and 1307 are distinguishable so that even if the debtor has the burden of proving good faith under Section 1325 it does not mean that the debtor must bear the same burden under Section 1307's provisions. This is because Section 1325(a)(3) explicitly states that a plan shall be con-

firmed if it "has been proposed in good faith." On the other hand, Section 1307(c) does not specifically require that a debtor file a petition in good faith. Instead, Section 1307(c) provides that a petition may be dismissed "for cause." Dismissal for cause cannot mean that a debtor must show an absence of cause; it can only mean that the party moving for dismissal must demonstrate cause.[2] *Id.* at 1355. In light of these careful distinctions, it does not appear that the express requirement of good faith in the proposal of a Chapter 13 plan contained in § 1325(a)(3) is the basis for the Seventh Circuit's holding that "cause" in § 1307(c) includes bad faith in filing the Chapter 13 petition.[3]

 For all of these reasons, we hold that the filing of a Chapter 7 petition in bad faith may constitute cause for dismissal pursuant to 11 U.S.C. § 707(a). Because the bankruptcy court held to the contrary, the decision of the bankruptcy court denying the Trustee's motion to dismiss pursuant to 11 U.S.C. § 707(a) is **REVERSED,** and this case is **REMANDED** for further proceedings consistent with this ruling.

It is so ORDERED.

---

2. Note that this burden of proof is different from that set forth in *In re Tamecki,* 229 F.3d at 207, in which the Third Circuit seems to place the burden on the debtor to prove he acted in good faith when he filed his petition.

3. We note that language in *In re Jartran, Inc.,* 886 F.2d 859 (7th Cir.1989), would seem to be consistent with the reasoning in *Padilla.* In examining 11 U.S.C. § 1112(b), the Chapter 11 provision parallel to § 707(a) and § 1307(c), the court in *Jartran* made the following observation: "Although section 1112(b) does not explicitly provide that a lack of good faith may constitute cause, section

1129(a)(3) does require that plans be 'proposed in good faith'; courts have sensibly considered bad faith to be an acceptable basis for conversion or dismissal." *In re Jartran,* 886 F.2d at 867 (citing *In re AT of Maine,* 56 B.R. 55 (Bankr.D.Me.1985); *In re Baumgartner,* 57 B.R. 513 (Bankr.N.D.Ohio 1986); *In re G–2 Realty Trust,* 6 B.R. 549 (Bankr. D.Mass.1980)). However, this statement is dicta, and the cases cited by the court do not make the connection between § 1112(b) and § 11209(a)(3), but simply stand for the proposition that bad faith may constitute cause under § 1112(b).